Town of Potsdam, Appellant, *v.* Ætna Casualty and Surety Company, Respondent, Impleaded with O. L. MacGregor and Another, Individually and as Copartners of the Firm of MacGregor and Corbett Company, Defendants.

Third Department, September 8, 1926.

Principal and surety — pleadings — action on surety bond given town to secure performance of contract for construction of bridges to recover damages for failure of contractor to perform — bond fixed period of limitation — amended complaint does not set out limitation provision of bond or show when action was commenced — answer setting up defense of limitations not available since allegation is deemed controverted — motion for judgment on pleadings under Rules of Civil Practice, rule 112, denied — complaint is insufficient — compliance with contractual limitation for commencement of action must be alleged.

In an action against a surety company to recover damages suffered by plaintiff town through the failure of a contractor to complete construction of certain bridges, a motion for judgment on the pleadings consisting of an amended complaint and an amended answer which was made under rule 112 of the Rules of Civil Practice and based on the contention that the action was not commenced within the period limited by the bond, should have been denied on that ground, since it appears that the bond was not annexed to the amended complaint and

the amended complaint did not allege the period of limitation or show when the action was commenced, and the answer setting up that defense cannot be considered on the motion since under section 243 of the Civil Practice Act the allegations of the defense are deemed controverted without a reply.

The amended complaint should have been dismissed, however, on the ground that it did not state facts sufficient to constitute a cause of action against the surety company, since it did not purport to allege all of the terms and conditions of the bond and since the allegation of performance was qualified in that the plaintiff alleged that it had duly performed all of the conditions of the contracts and bonds on its part " except as to the provisions thereof which were waived by these defendants," and furthermore, there was no sufficient allegation of waiver since there was a failure to allege the conditions waived and the facts and circumstances constituting the alleged waiver.

Furthermore, the plaintiff was required to allege the contractual limitation and that the action was commenced within the period specified in the contract, for a compliance with that limitation was a condition precedent to the commencement of the action and it must be alleged or the complaint must contain a proper allegation of the waiver thereof.

APPEAL by the plaintiff, Town of Potsdam, from an order of the Supreme Court, made at the St. Lawrence Trial and Special Term and entered in the office of the clerk of the county of St. Lawrence on the 28th day of December, 1925, dismissing the complaint as to the respondent surety company pursuant to rule 112 of the Rules of Civil Practice.

The pleadings in question were an amended complaint and an amended answer. In its complaint the town of Potsdam alleged that the defendants MacGregor and Corbett entered into a written contract with the town to construct three bridges in said town. The said contract provided that the contractors should furnish a bond for the faithful performance of the work within the time specified in the contract. The respondent surety company executed such a bond as surety. The contractors did not complete the work on one of these bridges within the specified time and the town, in accordance with the terms of said contract and with the consent of the surety company, took over the completion of the bridge under its own supervision. Considerable delay and damages resulted to the town on account of the default of the contractors and this action was brought against the contractors and the respondent surety company to recover the amount of the town's damages. The respondent surety company served an answer, to which was annexed a copy of the bond and which was made a part of the answer. The bond provided that no action should be maintained against the surety company unless the same was instituted and process served upon the surety company " within six months after the date or time fixed in said contract for the completion of the work mentioned therein." The respondent surety

company moved for judgment on the pleadings under said rule 112. According to briefs of counsel this motion was granted and the plaintiff was permitted to serve an amended complaint. An amended complaint and an amended answer were thereafter served and upon a similar motion the amended complaint was dismissed, on the ground that the determination under rule 112 is made upon the pleadings and not upon the complaint alone; that it appeared from the answer that the action had not been brought within the six months' period specified in the bond; and that the complaint did not allege a waiver of that condition. The appeal is from that order.

*Frank L. Cubley,* for the appellant.

*Bond, Schoeneck & King* [*Edward L. Robertson* of counsel], for the respondent

Hinman, J. We are considering a motion for judgment on the pleadings under rule 112 of the Rules of Civil Practice and the appellant raises the point that the issue as to limitation of time to bring the action against the surety company arises only by virtue of allegations in a separate defense set up in the amended answer of the surety company. The bond is not annexed to the amended complaint and the conditions of the bond which are relied upon by the surety company, as to the time to bring the action, are not mentioned in the amended complaint. Neither does the date the action was started appear in the amended complaint. The bond is annexed to and made a part of the amended answer, and the date the action was started appears in said answer alone. It has been said that the motion for judgment under said rule 112 permits determination upon the pleadings, not upon the complaint alone. (*Germini* v. *New York Central R. R. Co.,* 209 App. Div. 442, 447.) The date of starting the action and the terms of the bond, however, constitute allegations of new matter in the amended answer, to which a reply was not required, and such allegations are " to be deemed controverted by the adverse party, by traverse or avoidance, as the case requires." (Civ. Prac. Act, § 243.) The amended answer, therefore, does not avail the surety company, upon this motion for judgment on the pleadings, to show the failure of the plaintiff to comply with the said condition of the bond.

There is a ground, however, upon which the order should be affirmed. The amended complaint itself does not state facts sufficient to constitute a cause of action against said surety company. The respondent surety company must be held liable, if at

all, in accordance with all the terms of the bond unless there has been a waiver of performance. The bond is not made a part of the amended complaint, nor are its terms and conditions set forth. The amended complaint alleges some of its terms and conditions but does not purport to set forth all of them. The allegation is that, " *among other things*," the bond is conditioned " for the faithful performance of said contract in all of its particulars as to the construction of the said Norwood bridge." Other conditions are thus referred to but not stated, nor is there anything in the complaint from which such facts can be determined. Assuming every allegation of the amended complaint to be true, the court is unable to see what those other conditions are which are referred to but not stated. The allegation of the amended complaint that by reason of the allegations therein contained " the defendants herein are indebted and liable to this plaintiff, *according to the conditions of the contracts and the said bonds* " is a mere conclusion and does not enable the court to see that the plaintiff has performed all of the conditions of the bond on its part to be performed. The amended complaint does not allege performance of the conditions of said bond nor that performance has been waived. The allegation of the amended complaint in such respects is as follows: " Plaintiff further alleges that it has duly performed all of the conditions of said contracts and said bonds on its part except as to the provisions thereof which were waived by these defendants." This is not a sufficient allegation as to performance or waiver. Performance must be alleged without qualification, or if plaintiff has not performed, " for the reason that defendant waived performance, then the conditions waived and the facts and circumstances constituting such waiver must be alleged." (*Todd* v. *Union Casualty & Surety Co.*, 70 App. Div. 52, 55.)

The plaintiff, appellant, relies upon certain acts and consents on the part of the said respondent surety company, alleged in the amended complaint, to constitute a waiver or estoppel. The facts and circumstances so alleged, however, relate to the " faithful performance " of the construction contract; and the said complaint expressly alleges that the bond in question was conditioned, " *among other things,* for the faithful performance of said [construction] contract." There were other conditions of the bond which may not have been waived, as appears from said allegation of the amended complaint itself and irrespective of the allegations of the amended answer. There is no unqualified allegation as to performance nor are there sufficient allegations as to the conditions waived and the facts and circumstances constituting such waiver. For that reason the amended complaint does not set forth facts

constituting a cause of action against the respondent surety company and should be dismissed.

The appellant claims, however, that it was not incumbent upon it to anticipate in its complaint that the respondent would plead failure to bring the action within the time prescribed in the bond; that it was a matter of affirmative defense to be pleaded, thereby creating an issue for trial. " Unquestionably the plea of the Statute of Limitations and the Statute of Frauds is ordinarily a defense. The parties to a contract, however, may prescribe that the performance of any requirement is a prerequisite to a recovery, and, in that event, due performance must be alleged in the complaint or adequate excuse for failure be averred. The time when an action is to be brought may as well be regulated by the parties as any other condition contained in their agreement." (*Williams* v. *Fire Association of Philadelphia,* 119 App. Div. 573, 574.) Even if we examine the answer to see what condition of the bond is in question between these parties, we find it to be a condition precedent to action, compliance with which must be alleged and proved, or if the appellant expects to show upon the trial a waiver of performance, it must plead the facts and circumstances constituting such waiver.

The order should be modified by inserting therein a provision permitting plaintiff to serve an amended complaint within twenty days after the entry and service of this order, upon payment of costs, and as so modified should be affirmed, without costs of this appeal.

Order modified by inserting therein a provision permitting plaintiff to serve an amended complaint within twenty days after the entry and service of this order, upon payment of costs, and as so modified unanimously affirmed, without costs of this appeal.