## COLUMBIAN NATIONAL LIFE INS. CO. v. ZAMMER, Adm'x.

No. 25822.   Jan. 14, 1936.

Rehearing Denied Oct. 13, 1936.

Application for Leave to File Second Petition for Rehearing Denied Nov. 17, 1936.

Hulette F. Aby, William F. Tucker, and Frank Settle, for plaintiff in error.

R. L. Suddath, for defendant in error.

PER CURIAM. This case was tried by the court on an agreed statement showing substantially the following facts: That the insured was issued a policy for $2,000 on June 3, 1915, naming his nephew as beneficiary. The policy, for an additional con-

sideration, provided for a waiver of premiums, as follows:

"If, after this policy has been in force one full year before default in the payment of any subsequent premium, the company receives due proof that the insured, prior to attaining the age of sixty, has become so disabled by bodily injuries or disease as to be permanently, continuously and wholly prevented for life from pursuing any and all gainful occupations, it will, by forwarding official receipt therefor, waive payment of the premiums thereafter due under this policy during the continuance of such disability and the values in the above table shall increase in the same manner as if the premiums were paid by the insured."

The premiums were paid on said policy annually and according to its terms up to and including the year 1927, but the annual premium due June 3, 1928, was not paid or accepted; the insured suffered from an affliction causing him to become totally and permanently disabled, both mentally and physically, from about the 15th day of April, 1928, so that he was unable to transact any business or understand any business transaction whatsoever from that time until the time of his death, December 21, 1928, at which time he was under the age of 60 years. At the time of the death of the insured, the policy had been mislaid and not being found until September, 1931, when an agent of the company inquired as to the beneficiary under the policy, stating that there was $164 paid-up insurance under the policy due to the beneficiary. The beneficiary died in 1930, leaving his widow and his infant daughter as next of kin and only heirs. The insurance company tendered the paid-up insurance to the heirs of the beneficiary. At the time of the insured's death, there was due the defendant, by reason of a loan on the policy, $946.36, and on October 6, 1928, the defendant returned to the insured a check for $51.96 in unearned interest; said check was indorsed with the name of the insured and cashed by somebody, there being no evidence that the insured had any knowledge of this check, and it appearing from the stipulation that his physical condition was such that he was incapable of having any knowledge of the transaction.

It was admitted in the stipulation that if the policy did not lapse on June 3, 1928, for failure of premiums, or for any other cause, then the plaintiff, as administratrix of the estate of the beneficiary, would be entitled to recover $1,053.64, with interest at 6 per cent. from October 26, 1931, the date proof of death was furnished, together with the costs, but that if the policy was not in full force by reason of the failure to furnish proof of the disability (the defendant contending that it was mandatory under the terms of the waiver of premium clause that it receive due proof of this disability before default in the payment of premiums), the plaintiff would only be entitled to recover the sum of $164, without interest, and the costs to be taxed to the plaintiff.

The lower court determined as a matter of law that the plaintiff was entitled to recover judgment from the defendant in the sum of $1,053.64, with 6 per cent. interest thereon from October 26, 1931.

The legal issue in this case is whether or not the total incapacity or inability of the insured to give notice to the company that he was so disabled by bodily injuries or disease as to be permanently, continuously, and wholly prevented for life from pursuing any gainful occupation, during the time his insurance was in full force and effect, is excusable by reason of such incapacity, or is the provision of the policy of giving notice to the company mandatory?

We have examined the authorities cited and relied upon by the defendant, and find that same are cases where the insured was not so incapacitated that he was unable to give the proof of disability, as required in the insurance contract, and are based upon facts and circumstances different from this case.

In the case of Swann v. Atlantic Life Ins. Co., 159 S. E. 182, 192, the Supreme Court of Virginia had before it for consideration a policy very similar to the policy in the instant case. The court reaches the conclusion that the failure to give notice while the policy was in force was not necessary where the insured was insane. The court said:

"The insured could not present proofs * * * after he became mentally and physically incapable of doing so. It would be unreasonable to say that he should present proofs to the company if he were insane or unconscious. Such a construction of the policy would render it of no value to the insured in such a case, although he may have been influenced thereby to purchase the insurance, and has paid for the right to have the premiums waived."

This court in the case of American National Life Insurance Co. v. Rardin, 74 Okla. 146, 177 P. 601, said:

"Where a policy of life insurance provides that the insured shall give notice to the

company when he becomes totally disabled to engage in any gainful occupation but does not specify any time within which said notice shall be given, the failure to give said notice will not deprive the insured or his beneficiary of the benefits of said policy in the absence of an express provision making the giving of the notice a condition precedent to the right to claim the benefits of said clause requiring notice."

In this case the policy of insurance was issued on July 20, 1914, for $5,000, naming the plaintiff, Dale M. Rardin, as beneficiary. The insured died March 29, 1916. The insurance lapsed for failure to pay the quarterly premium due October 5, 1915. No proof of permanent and total disability was furnished the company until after the death of the insured. The court further held that if the defendant intended that a failure to give this notice should deprive the insured or the beneficiary under said policy of the benefits of this provision, then there should have been a clear and express provision for a forfeiture before the court will feel justified in enforcing it, and that the courts have uniformly held that, when no specific time is provided for giving of said notice after death has occurred, the failure to give such notice will not work a forfeiture of such provision.

In Missouri State Life Insurance Co. v. Le Fevre, 10 S. W. (2d) 267, the Texas Court of Civil Appeals said:

"In this case the appellant had in reality made two contracts with the insured, each supported by a separate and valuable consideration, one of which was the contract insuring the life of the assured in the sum of $2,500 for stated premiums paid and to be paid; and the other was for an additional definite consideration, expressed in the policy and paid in advance, to relieve the assured of the payment of further premiums in case he became totally and permanently disabled. This made the contract for life insurance doubly sure and very attractive. * * *

"The effect of the appellant's obligation to the assured, upon a sufficient consideration was, if he became totally and permanently disabled, to allow him a sick benefit to the amount of the premiums thereafter accruing, and in lieu of paying same to the assured, to apply same to the premiums accruing on his life insurance. The evident purpose of the disability provision was to preserve the insurance in the event the insured, on account of disability, became unable to make the money to pay the premiums, and said provision should be construed so as to effectuate this intention. So, where the insured was rendered incap-able of furnishing proofs of disability, by reason of such disability, then it must be presumed the parties did not intend by the language used to deprive the insured of the benefits he was to receive. We think the weight of authority is, and ought to be, that the stipulation as to the time within which notice or proof of disability should be given is not necessarily to be literally complied with. * * *

"We do not think the time of making the proof of disability was of the essence of the contract. * * *

"He was not required to pay anything to have the right perfected, since all he had to do was to furnish proof of said disability, which, on account of circumstances over which he had no control, was impossible for him to do."

In Cooley's Briefs on the Law of Insurance (2nd Ed.) vol. 7, p. 5918, a rule is laid down as to the weight of authority that has been extensively quoted and cited, as follows:

"* * * It could not have been in the contemplation of the parties that if the insured, who was required to give the notice, was unable to do so by reason of the very accident against which indemnity was given, he should, therefore, lose such indemnity through no fault of his own."

In the case of Metropolitan Life Insurance Co. v. Carroll, Adm'r, 209 Ky. 522, 273 S. W. 54-56, involving a similar policy, the court in upholding a recovery on the policy said:

"Before the days of grace expired, and on July 15th, the insured was stricken with a mortal disease. He could not present proofs before he was taken sick, and it would be a very unreasonable construction of the contract to say that he lost his rights by not presenting proofs while in this condition and before his death July 30th. Such a construction of the contract would make it of no value to the insured in such cases, although this clause of the contract would, in many cases, be the inducement for taking the insurance, for this kind of insurance is usually taken by people who work for a living and who would rely on the company carrying the premium in case they became disabled.

"A very strict rule has been followed in favor of insurer where the annual premium is not paid when due, but this is for the reason that the annual premium is the basis of the contract, and the business cannot be carried on without the payment of the premiums. But the furnishing of proofs of disability is entirely a different matter, and it is a sound rule that time is not of the essence of the contract and that proofs may be furnished in a reasonable time."

Under the holdings of the court in the cases of American National Insurance Co. v. Rardin, supra; Missouri State Life Insurance Co. v. Le Fevre, supra; Metropolitan Life Insurance Co. v. Carroll, supra, we are of the opinion that where the insured is totally incapable of furnishing proof, as provided by the waiver of premium clause in an insurance contract, time not being of the essence of such agreement, and such agreement not providing for default in the event such proof is not given, the premiums were automatically waived upon the insured becoming permanently, continuously and wholly disabled, the insured at the time of becoming so disabled being incapable of furnishing such proof on account of such disability; and where proof is furnished within a reasonable time, or as soon as it was possible for the insured, his beneficiary, or heirs, so to do, such furnishing of proof was sufficient, and the insurance company is liable for payment of the amounts provided for in such insurance contract.

The judgment of the trial court is affirmed.

The Supreme Court acknowledges the aid of Attorneys Tom W. Garrett, H. L. Douglass, and Fred E. Suits in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Garrett and approved by Mr. Douglass and Mr. Suits, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J. and BAYLESS, WELCH, CORN, and GIBSON, JJ., concur.