**PEARL ASSUR CO., LIMITED, v. FIRST LIBERTY NAT. BANK.**

No. 10782.

Circuit Court of Appeals, Fifth Circuit.

Jan. 27, 1944.

Chilton Bryan, of Houston, Tex., for appellant.

Lamar Cecil, of Beaumont, Tex., and F. K. Dougharty, of Liberty, Tex., for appellee.

Before SIBLEY, HUTCHESON, and WALLER, Circuit Judges.

WALLER, Circuit Judge.

In a trial without a jury judgment was entered in favor of the plaintiff as assignee of the proceeds of a fire insurance policy issued by the defendant insurance company to one J. A. Murphy, covering a business building located upon ground not owned by the insured. The main defenses were: (1) That no proof of loss was furnished within the time required by the policy. (2) That the building insured was on ground not owned by the insured in fee simple. (3) That the ownership of the insured in the property was not truly stated by the insured.

The lower Court found: (1) That it was not necessary under the provisions of Article 4929, Revised Statutes of Texas, 1025,[1] to make proof of loss since the premises insured were realty and a total loss. (2) That the agent of the Insurance Company had knowledge of the fact that plaintiff's assignor was not the owner in fee simple of the title to the land upon which the building in question was located and knew that the interest of the insured in the property was other than unconditional and sole ownership, and by virtue of the knowledge of its authorized agent at or before the issuance of the policy the Insurance Company had waived provisions to the effect that the policy would be void if the insured was not the owner in fee simple of the land on which the building was situated, or if the ownership of the insured in the property was not sole and unconditional. The defendant was held liable and judgment entered accordingly.

The Insurance Company here asserts that since the insured merely owned the building, with the right of removal at the expiration of the lease, the building was personal property, and that Sec. 4929, Revised Statutes of Texas 1925, obviating the necessity for making proof where the loss to real property is total, is not applicable. The main case relied upon by the appellant to support that contention is the case of American Central Insurance Company v. Wise, Tex.Civ.App., 295 S.W. 1109. The Court below did not, nor does this Court, believe that the Wise case is controlling. In that case there was no lease, no right of occupancy, no right of use, ingress, or egress to the land except for the purpose of tearing the building down for the salvage therein. In short, the purchaser of the building in the Wise case merely had the right to reduce the material in a building to his ownership and possession as personal property.[2] In the present case the insured was the owner of the building upon

---

[1] Article 4929 reads: "A fire insurance policy, in case of a total loss by fire of property insured, shall be held and considered to be a liquidated demand against the company for the full amount of such policy. The provisions of this article shall not apply to personal property."

[2] "* * * The uncontradicted evidence shows that Wise purchased the building for the sole purpose of tearing it down and using the lumber in building construction and repairs on his farm, and disposing of any surplus by sale. Under his agreement with the school board, he had no interest

land which he had leased for a term of years, with the right to use and occupy the building as well as the land. The Courts of Texas, in construing Sec. 4929, have followed the general concept that buildings on leased property under the circumstances present here are real property.[3] The test generally seems to be the character of the property rather than the character of the title by which it is held. Since the building was realty and since it was a total loss, proof of loss was not required.

■ The two other main defenses may be considered together. The lower Court found, on a controverted issue of fact, that the agent of the Insurance Company had knowledge of the fact that the insured did not own the land in fee simple on which the building was situated, and knew that the insured's ownership in the premises was not sole and unconditional when he issued the policy. There was substantial evidence to support this finding and it will not be disturbed here.

■ It is no longer debatable that if the agent of the Company, having actual knowledge of the facts of ownership at the time of issuance of the policy, issued it in full consciousness of the facts, a waiver of the right of the Company to insist upon enforcement of the policy provisions in respect to ownership would result. But appellant says that waiver must be affirmatively pleaded, and that if plaintiff intended to rely on waiver it was required to affirmatively assert it. Waiver was not expressly alleged. The pleadings are governed by the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, Rule 9(c) of which requires waiver to be affirmatively pleaded. The ownership of the property appears to have been alleged in the complaint, and it appears that evidence was introduced by plaintiff, without objection, to show knowledge of the title by the agent of the defendant, while defendant produced evidence to controvert the showing of waiver by the defendant. It is clear that one of the issues upon which the case was tried was whether or not there had been a waiver by defendant of the provisions of the policy relating to ownership and true disclosure of ownership. The court passed on this issue and held that there had been such a waiver. Section 15(b) of the Federal Rules of Civil Procedure provides that when issues, not raised by the pleadings, are tried by the express or implied consent of the parties, such issues are to be treated in all respects as if they had been raised by the pleadings. If the evidence had been objected to at the trial on the ground that it was not within the issues made by the pleadings, the Court would have been authorized under this section of the rules to allow an amendment of the pleadings so as to facilitate the presentation of the merits of the case, but in the absence of an objection that the evidence is not within the scope of the pleadings, in a case which was tried as if the issue had been raised, an amendment of the pleadings is not imperative. The question of waiver was definitely in issue in the trial of this case, on which evidence was introduced by both sides. There was no objection based upon failure to plead waiver. Under such circumstances the failure to plead waiver initially does not require a reversal of this case. Whether there was a waiver of the conditions in the policy relating to ownership was one of fact and was an issue before the Court. On this disputed question of fact the Court made its finding that there was such a waiver. This Court will not disturb such finding of fact nor the conclusions of law based thereon.

The judgment below is affirmed.

---

in or right to use the real estate whatever, except that necessarily incident to tearing down and removing the building." American Central Insurance Company v. Wise, supra.

[3] Orient Insurance Company v. Parlin & Orendorff Co., Tex.Civ.App., 38 S.W. 60; Lloyds America et al. v. Hunt, Tex. Civ.App., 94 S.W.2d 861.