## SOUTHERN COAST CORPORATION v. SIN-CLAIR REFINING CO.

### No. 12656.

United States Court of Appeals
Fifth Circuit.

May 17, 1950.

Rehearing Denied June 19, 1950.

J. Hart Willis, Dallas, Tex., William A. Rembert, Jr., Dallas, Tex., W. M. Lewright, Corpus Christi, Tex., for appellant.

Carlisle Cravens, Fort Worth, Tex., Allen V. Davis, Corpus Christi, Tex., Warren Scarborough, Fort Worth, Tex., Nat J. Harben, Fort Worth, Tex., Sloan Blair, Fort Worth, Tex., for appellee.

Before HOLMES, McCORD, and RUSSELL, Circuit Judges.

HOLMES, Circuit Judge.

Originally, this was a suit for the reformation and specific performance of a written contract to purchase gas; now, after the winnowing process of a trial in the court below, it is simply an action for damages for the alleged breach of such contract. There are only two points that we need to notice on this appeal: one is the refusal of the court below to admit parol evidence to explain an alleged ambiguity in the contract as to whether appellant had a right to meet every bid received by appellee, or only those of reputable, responsible, and then existing, gas pipe line dis-

tributing companies; the other is the denial by the court of the appellant's application to amend its complaint at the conclusion of the evidence so as to raise the issue of whether appellee is a gas pipe line distributing company.

Said contract gave the appellee an option to purchase gas from appellant for the years 1946–1951, inclusive, at the rate of 5½¢ per one thousand cubic feet, provided said option was exercised in writing on or before ninety days from the date thereof; but it was further agreed that the appellant should have "the preferred and preferential right," in the event the appellee did not exercise such option, to meet any price for gas quoted to appellee by a reputable, responsible, and then existing, gas pipe line distributing company. The contract also provided that, before purchasing gas from any such competitor, appellee should first obtain a refusal in writing from appellant, declining to meet such competitive price as offered.

Appellant contended in the court below that the contract was ambiguous in that it could not be ascertained with certainty which of two possible alternatives the parties intended when they gave appellant the preferred and preferential right to meet any price for gas quoted by a reputable, responsible, then existing, gas pipe line distributing company. The appellant construes the language to mean that the parties intended to make a reputable, responsible, then existing, gas pipe line distributing company the only type of competitor whose bid it would have to meet in order to hold appellee's business. In other words, appellant says that the appellee was required to buy its gas from it from 1946 through 1951 unless appellant failed to meet the offer of a reputable, responsible, then existing, gas pipe line distributing company. On the other hand, the appellee contends that the only duty imposed on it under the preferred and preferential clause is not to purchase gas from a reputable, responsible, then existing, gas pipe line distributing company without first obtaining a refusal in

writing from appellant declining to meet such competitive price as might be offered by such named competitor.

■ In order to determine the intention of the parties with respect to their rights under the contract, we must consider the language contained in the following paragraphs of the contract:

"It is agreed that you shall have the option to purchase gas for the years from 1946 through 1951, inclusive, at the rate of 5½¢ per cubic thousand feet of gas, provided same is exercised in writing on or before ninety (90) days from the end of this contract period.

"It is further agreed that Southern Coast Corporation shall have the preferred and preferential right in the event you do not exercise such option to meet any price for gas quoted to you by a reputable, responsible, and then existing gas pipe line distributing company, and before purchasing gas from any such competitor you shall first obtain the refusal in writing from Southern Coast Corporation declining to meet such competitive price as offered."

The option confers on the appellee the right to buy gas from the appellant from 1946 through 1951 at the rate of 5½¢ per one thousand cubic feet provided the option is properly exercised within 90 days before the end of the contract period. No right is conferred on the appellant to require appellee to purchase gas from it during this period. The only right conferred on the appellant is the right to meet any price quoted appellee by a reputable, responsible, and then existing, gas pipe line distributing company. By expressly limiting the class of suppliers from which appellee could not purchase gas without obtaining appellant's refusal, appellant is deemed to have excluded all others. The doctrine of *expressio unius est exclusio alterius* applies. The expression in a contract of one or more things of a class implies the exclusion of all not expressed, even though all would have been implied had none been expressed.[1] By the plain and simple terms of the contract, appellee was permitted,

1. W. T. Waggoner Estate v. Sigler Oil Co., 118 Tex. 509, 10 S.W.2d 27; 17 Corpus Juris Secundum, Contracts, § 312, page 730.

after January 1, 1946, at its option to obtain gas from any source it might choose, other than from a reputable, responsible, and then · existing, gas pipe line distributing company, without obtaining appellant's refusal. Appellant's attempts to · vary the · terms of this written instrument by parol testimony were correctly denied. The parol evidence was properly excluded under the parol-evidence rule. See Lewis v. East Texas Finance Company, 136 Tex. 149, 146 S.W.2d 977, 980; Remington Rand, Inc., v. Sugarland · Industries, 137 Tex. 409, 153 S.W.2d 477; Sickelco v. Union Pacific Railroad Co., 9 Cir., 111 F.2d 746.

In its original complaint, the appellant took the position that Sinclair Prairie Oil Company, the competitor from whom appellee is now buying its gas, was not a reputable, responsible, and then existing, gas pipe line distributing company. During the course of the trial, the court indicated that in its' opinion the most vital part of the law suit was whether or not Sinclair Prairie Oil Company was a gas pipe line distributing company. After appellant saw that it was important to prove that Sinclair Prairie Oil Company was a gas pipe line distributing company, it proffered an amendment which in effect alleged that Sinclair Prairie Oil Company was a reputable, responsible, and then existing, gas pipe line distributing company within the meaning of the terms of the contract, and that appellee had breached said contract by taking gas from it without first giving the appellant an opportunity to meet the price quoted by Sinclair Prairie Oil Company. The amendment was proffered before appellant rested its case and before appellee offered any evidence. The trial court took under advisement the matter of whether he would permit it to be filed; and, after the appellee had closed its case, it ruled that such amendment would not be allowed because the case had been fully developed and because it would work a surprise to appellee.

We are of the opinion that a determination of whether Sinclair Prairie Oil Company is a gas pipe line distributing company is vital and material to this law suit, and that the lower court abused its discretion in not permitting appellant to raise this issue by the proposed amendment. If appellee had been surprised by such amendment, and was not prepared to meet the issue, it could have asked for, and would have been entitled to, a continuance of the case. The fact is that the decision was not rendered until approximately a year and a half after the amendment was disallowed. Appellee argues that the appellant gambled on its ability to convince the court that its contention in regard to the interpretation of the contract entitling it to larger damages was correct, and that when it saw that the trial court did not agree with its interpretation, it sought a change of position by the proffered amendment. We think the appellant was justified in taking the position it did, · because it had relied on appellee's letters telling it that appellee was not contemplating the purchase of gas from a pipe line distributing company, but on the contrary was going to run its own lines to the wells of its affiliated company, Sinclair Prairie Oil Company. If appellant interpreted this as a breach of the contract, it was privileged to bring suit on alternative grounds. Rule 15(b) of the Federal Rules of Civil Procedure, 28 U.S. C.A., directs that leave to file amendments be freely granted when the presentation of the merits of the action will be subserved thereby, and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense on the merits.

The trial amendment proffered by appellant definitely goes to the merits of this case. It does not change the paramount issue as to whether appellant is entitled to any recovery under the entire contract. The testimony of some of the witnesses created a bona fide issue as to whether Sinclair Prairie Oil Company is a pipe line distributing company within the meaning of the contract, and parol evidence may be admissible on this point. The trial court's refusal to allow the amendment under Rule 15(b) was reversible error. See Cabel v. United States, 1 Cir., 113 F.2d 998; Wall v. Brim, 5 Cir., 138 F.2d 478; Pearl Assurance Co. v. First Liberty National Bank,

5 Cir., 140 F.2d 200; Watson v. Cannon Shoe Company, 5 Cir., 165 F.2d 311; White v. Holland Furnace Co., Inc., D.C., 31 F. Supp. 32. The judgment is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.