JOYCE B. GUTHRIE

*v.*

THE NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY,

*a corporation*

(No. 13267)

Decided July 30, 1974.

*DiTrapano, Mitchell, Lawson & Field, Rudolph L. Di-Trapano and W. C. Field, Robert G. Perry* for appellant.

*James P. Robinson* for appellee.

SPROUSE, JUSTICE:

This case is before the Court upon appeal by the plaintiff, Joyce B. Guthrie, from the judgment of the Circuit Court of Kanawha County, which affirmed a summary judgment granted by the Common Pleas Court of Kanawha County in favor of the defendant, Northwestern Mutual Life Insurance Company.

This action was instituted in the common pleas court by the plaintiff on May 16, 1970, alleging that the defendant insurance company wrongfully refused to pay her the face value of a $35,000 life insurance policy previously issued upon the life of Mahlon G. Guthrie, the plaintiff's deceased husband. Summary judgment was granted by the trial court upon the theory that the

insurance policy had lapsed prior to the death of the insured for nonpayment of premiums.

The life insurance policy was issued by the defendant insurance company on December 1, 1949, and premiums were payable in quarterly installments. The policy provided a grace period of thirty-one days for late premium payments. The insured died on January 11, 1969, and the quarterly premium which was due on December 1, 1968, had not been paid at the time of his death. The policy was void, under its provisions, after the expiration of the grace period.

Although not raised in the pleadings, the plaintiff now contends that the insured was totally and permanently disabled for a period of more than six months prior to his death. The deceased had, some years prior to his death, purchased by payment of a separate premium an additional provision attached to the life insurance policy entitled "Agreement for Waiver of Premiums in Event of Total and Permanent Disability". The agreement provided, in part, that upon notifying the company that the insured had been totally and permanently disabled for a period of six months, the premiums on the policy would be waived during the period of disability. The defendant insurance company was not notified of the deceased's disability prior to his death.

The complaint, in part, alleged that "up until the time of the death of the said Mahlon G. Guthrie, all premiums accrued upon said policy were fully paid", and "[t]hat the said Mahlon G. Guthrie and plaintiff each performed all of the conditions of said insurance on his part."

The defendant's answer denied that the premium due on December 1, 1968, was paid when due or within the grace period. The defendant alleged that the "quarterly premium due under the policy and the provisions of the first paragraph of the agreement for waiver of premiums attached thereto as a part thereof was not paid when due or within the grace period provided * * * ", and that the policy "was out of force at the time of his

death under the provisions of paragraphs 8 and 15 and other provisions of said policy."

The deposition of the plaintiff was taken, and she answered interrogatories submitted to her. The plaintiff admitted that no attempt to pay the last quarterly premium was made until after the death of the insured.

The defendant moved for summary judgment on the basis of the pleadings, the deposition and interrogatories, together with a copy of the insurance policy which was introduced by way of an affidavit from an official of the company. The plaintiff, by order of the court, likewise filed a copy of the insurance policy. The trial court granted summary judgment in favor of the defendant.

The appellant alleges the trial court committed error by: (1) Granting summary judgment notwithstanding the existence of material issues of fact relative to the application of the premium waiver provision of the policy; (2) receiving the insurance policy in evidence by an insufficient affidavit; and (3) omitting the plaintiff's note of argument from the record.

The principal question for decision is, of course, whether summary judgment was properly awarded by the trial court. The plaintiff argues that the applicability of the premium waiver provision, and the effect of the plaintiff's failure to notify the company of the insured's disability, created material issues of fact precluding summary judgment. These factual issues, according to the plaintiff's contention, were raised by the complaint and the filing of the insurance policy. If not sufficiently raised, counsel for the plaintiff contends they were brought to the attention of the trial court by the note of argument allegedly submitted in connection with the motion for summary judgment.

The defendant insurance company concedes that the failure to notify the insurance company of the insured's disability in accordance with the policy terms would not, under ordinary circumstances, necessarily preclude the plaintiff from recovery. The insured might have been unable to comply with the notice provision, thus excus-

ing his failure. Generally, this would have been an issue to be resolved upon the trial of the case. *Columbian Nat. Life Ins. Co. v. Zammer*, 178 Okla. 207, 62 P.2d 63; *Swann v. Atlantic Life Ins. Co.*, 156 Va. 852, 159 S. E. 192; 15 Appleman, *Insurance Law and Practice*, Section 8316, page 131.

The defendant insurance company, on the other hand, contends that any factual issues raised by the premium waiver provision and the insured's total and permanent disability were not properly before the trial court at the time summary judgment was entered. Implicit in the defendant's argument is the proposition that waiver must be pleaded specifically even under Rule 9(c) of the West Virginia Rules of Civil Procedure. The defendant further contends that summary judgment cannot be defeated by factual assertions in the brief of the opposing party.

Neither waiver of premium nor any facts concerning the disability of the deceased prior to his death were alleged in the complaint; nor could reliance upon waiver by reason of disability be ascertained from the deposition or answers to interrogatories submitted by the plaintiff. The plaintiff, in response to the defendant's motion for a summary judgment, filed no information concerning these allegations. As a matter of fact, the defendant's attorney did not appear at the time the motion was orally argued.

Rule 9(c) of the West Virginia Rules of Civil Procedure provides as follows:

> "In pleading the performance or occurrence of conditions precedent, it is sufficient to aver generally that all conditions precedent have been performed or have occurred. A denial of performance or occurrence shall be made specifically and with particularity."

Rule 9(c) constitutes a departure from the common-law requirement that performance of each condition precedent be alleged in detail. 5 Wright and Miller, *Federal Practice and Procedure*, Section 1302, page 428; Lugar

and Silverstein, West Virginia Rules 87; 2A Moore, Federal Practice, Section 9.04, page 1943. The burdensomeness of this type pleading, especially in insurance cases, prompted even code pleading states to provide quite universally that a general allegation of performance of conditions is sufficient. 2A Moore, Federal Practice, Section 9.04, pages 1943–44.

However, in 5 Wright and Miller, Federal Practice and Procedure, Section 1303, page 430, it is stated: "Despite its liberality, Rule 9(c) still obliges the pleader to allege compliance with the contract or to state that performance or occurrence of the conditions was waived or excused."

Defendant cites *Pearl Assur. Co. v. First Liberty Nat. Bank*, 140 F.2d 200 (5th Cir.) and *Town of Potsdam v. Aetna Casualty & Surety Co.*, 218 App. Div. 27, 217 N.Y.S. 641, in support of its contention that this rule stated in Wright and Miller applies to the complaint in this case.

*Pearl, Town of Potsdam,* and *Gipps Brewing Corporation v. Central Manufacturers' Mut. Ins. Co.*, 147 F.2d 6 (7th Cir.), however, deal with the course of conduct of a party which made inoperable a provision of a contract and excused performance of one of the conditions. Those cases, and the rule cited in 5 Wright and Miller, Federal Practice and Procedure, Section 1303, page 430, obviously relate to the waiver of contractual provisions occasioned purely by the acts of the party and not to a right of waiver accorded by a specific contractual provision. In the instant case, waiver is set out specifically as a condition of the contract.

The plain terms of Rule 9(c) permit such contractual waiver to be pleaded generally as a condition of the contract, and this was the rule in West Virginia prior to the adoption of the Rules of Civil Procedure.

*Levy v. Peabody Insurance Company*, 10 W. Va. 560, involved an action in assumpsit on a fire insurance policy. The declaration alleged that the plaintiff had per-

formed all the conditions of the policy, and at trial the plaintiff relied on waiver. The Court stated: "* * * But the weight of American authorities are the other way; thus: 'If the plaintiff, in his declaration * * * allege that he has, on his part, performed all the conditions of a policy of insurance, and has violated none of its provisions, he must be regarded as meaning such as have not been waived. * * *" *Levy v. Peabody Insurance Company*, *supra*, at 565.

The rule announced in *Levy v. Peabody Insurance Company*, *supra*, was, of course, somewhat modified by the subsequently enacted *Code* 1931, 56-4-21, and *Code* 1931, 56-4-22. Under those provisions the plaintiff was required, after complaint and answer, to file a statement in writing specifying in general terms the matter on which he intended to rely for waiver. In turn, this Court held one of those *Code* provisions to have been superseded by the subsequent enactment of the West Virginia Rules of Civil Procedure. *Laxton v. National Grange Mutual Insurance Company*, 150 W. Va. 598, 148 S.E.2d 725.

It seems clear, then, that the statement in the plaintiff's complaint alleging performance by the plaintiff and deceased of "all the conditions of said insurance on his part * * *", constituted a general allegation of compliance with all conditions of the contract, including the premium waiver condition.

Although this allegation is conclusory, it is sufficient for the purposes of Rule 8(a), which provides: "A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the claim showing that the pleader is entitled to relief, and (2) a demand for judgment for the relief to which he deems himself entitled. * * *"

Rule 7(a) eliminates the requirement of the mandatory reply to new matter necessary in pleadings at common law. The pleader is protected by the provisions of Rule

8(d) which states: "* * * Averments in a pleading to which no responsive pleading is required or permitted shall be taken as denied or avoided."

The complaint, therefore, adequately provided notice of the claim and, coupled with the answer, interrogatories and deposition, framed the issue of fulfillment of the contract conditions. At trial, the plaintiff, under the guidelines of the complaint, could have introduced evidence of the decedent's permanent disability or any other evidence within the issue thus framed.

Rule 56, R.C.P., however, serves an entirely different function. Its purpose is not to notify nor to frame the issues. Rule 56 is designed to provide a method of promptly and speedily disposing of the controversy if there is no triable issue of fact. *Weather-Rite Sportswear Co. v. United States*, 298 F. Supp. 508 (U. S. Cust. Ct.); 10 Wright and Miller, Federal Practice and Procedure, Section 2712, page 370. The real purpose of summary judgment is to pierce the allegations of the pleadings to determine whether a genuine issue as to a material fact actually exists. 6 Moore, Federal Practice, Section 56.01[1], page 2014.

The pleading of a conclusion, which may be satisfactory for the purposes of Rule 8(a), is not sufficient to withstand a motion under the summary judgment provisions of R.C.P. 56. It is true, as contended by the appellant, that in some federal jurisdictions prior to the 1963 change in Rule 56 of the Federal Rules of Civil Procedure, factual allegations in a complaint were sufficient to create a material issue of fact and defeat a motion for summary judgment. *Reynolds Metals Co. v. Metals Disintegrating Co.*, 176 F.2d 90 (3rd Cir.); *Frederick Hart & Co. v. Recordgraph Corporation*, 169 F.2d 580 (3rd Cir.). *See, Williams v. Minnesota Mining & Manufacturing Co.*, 14 F.R.D. 1 (D.C. Calif.).

However, the plaintiff did not allege facts in her complaint. The complaint did not allege the premium had not been paid due to the last illness of the decedent; that the decedent had a total and permanent disability

for a continuous period of six months; that the decedent could not notify the insurance company of his disability because of the debilitating effect of the illness; or any facts indicating the decedent had a disability prior to his death. The only fact alleged in the complaint was that the quarterly premium had been paid—an allegation later admitted on deposition to be untrue. The only allegation of the complaint touching on the matter of premium waiver was the general allegation that all conditions of the policy had been met. Such a conclusion was not sufficient, even under the prior practice in some federal jurisdictions, to defeat a motion for summary judgment when the opposing party presented facts by depositions, interrogatories, affidavits, or otherwise, indicating that there was no dispute as to any material fact.

Moreover, the holdings in *Reynolds Metals* and *Frederick Hart* were changed by the 1963 amendment to Rule 56(e) of the Federal Rules of Civil Procedure by the following language: "* * * When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."

Finally, the rule in this State, even prior to the 1963 amendment to Federal Rule 56(e), required the party opposing summary judgment to present some evidence indicating that the facts were in dispute or else suffer a judgment to be entered against him. This Court stated in a 1961 opinion:

> "* * * In that situation the circuit court was justified in determining the motions for summary judgment on the undisputed facts disclosed by the record. By decisions of the Federal Courts relating to Rule 56 of the Federal Rules which is practically identical with Rule 56 of the West Virginia Rules of Civil Procedure, it is well settled that to resist a motion for summary judgment

the party against whom it is made must present some evidence to indicate that the facts are in dispute when the evidence of the moving party shows no disputed facts, and that the mere contention that the issue is disputable is not sufficient. *Berry v. Atlantic Coast Line Railroad Company,* 4th Circuit, 273 F.2d 572; *Zoby v. American Fidelity Company,* 4th Circuit, 242 F.2d 76." *Petros v. Kellas,* 146 W. Va. 619, 630, 122 S.E.2d 177, 183.

The rule announced in *Petros v. Kellas, supra,* continues to govern Rule 56 motions even though the 1963 change in Federal Rule 56(e) has not been adopted in this State.

The appellant contends on the one hand that the insurance policy was improperly in the record because the affidavit of the defendant insurance company officer identifying it was insufficient, and, on the other hand, that the presence of the insurance policy in the record containing the premium waiver provision was sufficient to create a material issue of fact. Since the plaintiff had filed a copy of the insurance policy, the additional copy placed in the record by the defendant in connection with the motion for summary judgment would be, at most, harmless error. Even if this were not so, we could not now consider that alleged error as it was not raised in the trial court or in the circuit court. This Court will not decide nonjurisdictional questions which are not considered and decided in the trial court from which the appeal has been taken. *Mahoney v. Walter,* ___ W. Va. ___, (decided June 11, 1974); *Boury v. Hamm,* ___ W. Va. ___, 190 S.E.2d 13; *Pettry v. The Chesapeake & Ohio Railway Company,* 148 W. Va. 443, 135 S.E.2d 729.

It is equally clear that the insurance policy does not, under the *Kellas* rule, present an issue of fact so as to avoid summary judgment. The contents of the insurance policy are not an answer to the factual admissions in the depositions and interrogatories filed by the defendant. Under the *Kellas* rule, it would have been necessary for

the plaintiff to produce factual information from the record or otherwise, showing either that the premium had been paid or showing justification for nonpayment such as total and permanent disability of the deceased. The policy merely provided the legal opportunity to assert such ultimate facts.

The last and most persuasive contention of the plaintiff is that the factual assertions contained in the note of argument opposing summary judgment (referred to in some detail in the defendant's note of argument) were sufficient to apprise the trial court of the existence a material issue of fact.

Plaintiff's counsel on appeal states that plaintiff's counsel below submitted a note of argument in opposition to the motion for summary judgment setting forth alleged facts concerning the decedent's prolonged and total disability prior to the time of his death. The defendant denies that plaintiff's note of argument was filed with the court, contending instead that only a copy of it was furnished by the plaintiff's counsel to defense counsel.

The record does not contain plaintiff's note of argument. The defendant's note of argument filed in connection with the motion for summary judgment is contained in the record, however, and defendant stated therein: "* * * [P]laintiff's note of argument * * * [contains] a statement that evidence to be adduced at the trial will show that the insured had a total disabling illness within the meaning of the waiver of premium provisions of the policy." There are, likewise, other references to the waiver issue contained in that brief.

Although the liberal construction required under R.C.P. 9(c) permits a contractual waiver to be pleaded by a general allegation, such pleading cannot be considered as a presentation of controverted fact in an R.C.P. 56 motion for summary judgment. Such an allegation in an insurance claim, together with a copy of the insurance policy in the record and a statement in a party's brief outlining the facts proposed to be proved at trial, might

be sufficient to alert the court to a potential issue of fact so that in its discretion the court could have required further submission of facts by the plaintiff as an alternative to granting summary judgment. To require a trial court to inject itself in that manner into Rule 56 proceedings, however, would substantially defeat the purposes of the rule. The overwhelming authority is that a trial court will not be deemed to have abused its discretion in granting a motion for summary judgment even though it is opposed by allegations of material facts contained in an opposition brief. *Hartford Accident & Indemnity Company v. Hartley*, 275 F. Supp. 610 (D.C. Ga.); *United States v. Lot 800*, 169 F. Supp. 904 (D.C. D.C.); *Allen v. Radio Corporation of America*, 47 F. Supp. 244 (D.C. Dela.); *Lane v. Greyhound Corp.*, 13 F.R.D. 178 (D.C. Ky.). See Barron and Holtzoff, Federal Practice and Procedure, Section 1236, page 161, wherein it is said: "* * * Summary judgment cannot be granted on the basis of assertions of fact in the brief of the moving party, nor defeated by factual assertions in the brief of the opposing party, but admissions made in the brief of the opposing party may be used in determining that there is no genuine issue as to any material fact. * * *"

Reinforcing this view is the fact that the note of argument prepared by counsel for the plaintiff is not in the record. Aside from counsel's assertion on appeal, there is nothing to indicate that the trial court had it available for its consideration.

The appellant cites its omission from the record as error. The defendant denies that it was ever present in the trial record. If the plaintiff's note of argument was before the trial court, this fact has not been documented on appeal, so we cannot consider its omission from the record as error.

In view of the above, the judgment of the Circuit Court of Kanawha County is affirmed.

*Affirmed.*