# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Deana Ritchey and Paul Gruber,**
**Plaintiffs Below, Petitioners**

**vs) No. 13-0365** (Tucker County 09-C-30)

**Mountain State Brewing Co., LLC,**
**Defendant Below, Respondent**

**FILED**

November 22, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioners Deana Ritchey and Paul Gruber, by counsel J. Wesley Chancey and Dorwin Wolfe, appeal the order granting summary judgment in favor of respondent entered by the Circuit Court of Tucker County on March 7, 2013. Respondent Mountain State Brewing Co., LLC, by counsel Jeffrey Zurbuch, Peter Zurbuch, and Pat A. Nichols, filed a response in support of the circuit court's order.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Respondent Mountain State Brewing Company is a bar located in Thomas, Tucker County, West Virginia. During the evening of June 14 and early morning of June 15, 2007, Petitioner Deana Ritchey ("Ritchey") was working as a bartender for respondent. Petitioner Paul Gruber ("Gruber") was a patron at the bar, along with Foster Thompson ("Thompson"). Thompson attempted to speak with Ritchey, but she rebuffed Thompson, left the main building, and went to the outdoor patio with a female friend. Gruber later joined the women on the patio. Thompson went to the patio and, when Ritchey again rebuffed him, he threw a glass to the ground and left the premises. The circuit court found that the record did not show that Ritchey or her companions entered the bar to inform anyone about the incident.

Thompson re-entered the bar and went to the patio where he stabbed Ritchey multiple times. Several people intervened, and Thompson stabbed two others, including Petitioner Gruber. Thompson pled guilty to three counts of attempted second degree murder in the subsequent criminal proceeding. Petitioners sued respondent on the ground that respondent was negligent, and the theory that seemed to develop during discovery was that respondent was negligent in failing to eject Thompson when he returned to the bar.

1

In its order granting summary judgment to respondent, the circuit court noted that no acts of violence had occurred at Mountain State Brewing prior to June 15, 2007. The court stated that while Thompson carried a pocket knife that he used to whittle, it was disputed whether Thompson ever whittled in the bar and whether the owners of Mountain State Brewing knew that he carried that knife. In addition, the circuit court pointed out a dispute as to whether Ritchey told a Mountain State Brewing co-owner, Brian Arnett, that she was fearful of Thompson because he had previously sharpened knives and a machete on Ritchey's front porch. The circuit court also noted a disagreement as to whether Arnett and another co-owner of Mountain State Brewing, Willie Lehman, knew about the relationship between Ritchey and Thompson. The court concluded that it was apparent from the pleadings and arguments at the hearing on the motion for summary judgment that Thompson harbored romantic feelings toward Ritchey, which were not reciprocated. In its order, the circuit court addressed negligence and foreseeability. It found that if respondent knew of Thompson's ownership of a pocket knife and ability to sharpen knives, those facts did not demonstrate a tendency or proclivity towards violence. Further, the circuit court found that Ritchey's recitals alone did not demonstrate that Thompson's actions were foreseeable, particularly in light of the fact that Thompson had no previous criminal record, had not threatened Ritchey or anyone else to her knowledge, and had not been involved in any prior altercation at Mountain State Brewing. In summary, the circuit court concluded that petitioners had not produced sufficient evidence to show that on the night of the incident, respondent should have known that Thompson would attack petitioners. The circuit court granted summary judgment to respondent, and petitioners appeal that order.

"'A circuit court's entry of summary judgment is reviewed *de novo*.' Syllabus point 1, *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994)." Syl. Pt. 1, *Mack-Evans v. Hilltop Healthcare Center, Inc.*, 226 W.Va. 257, 700 S.E.2d 317 (2010).

> "Under the provisions of Rule 56 of the West Virginia Rules of Civil Procedure, when the moving party presents depositions, interrogatories, affidavits and otherwise indicates there is no genuine issue as to any material fact, the resisting party to avoid summary judgment must present some evidence that the facts are in dispute." Syl. Pt. 2, *Guthrie v. Northwestern Mutual Life Insurance Co.*, 158 W.Va. 1, 208 S.E.2d 60 (1974).

Syl. Pt. 7, *Haddox v. Suburban Lanes, Inc.*, 176 W.Va. 744, 349 S.E.2d 910 (1986).

Further, "'[t]he circuit court's function at the summary judgment stage is not to weigh the evidence and determine the truth of the matter, but is to determine whether there is a genuine issue for trial.' Syl. pt. 3, *Painter*, 192 W.Va. 189, 451 S.E.2d 755." *Mack-Evans*, 226 W.Va. at 261, 700 S.E.2d at 321.

In their appeal, petitioners assert three assignments of error. First, petitioners contend that the circuit court's holding necessarily required a factual determination of foreseeability, and such finding of fact is improper in a summary judgment proceeding. Petitioners assert that the circuit court determined that respondent neither knew nor should have known that Thompson's actions were foreseeable, despite strong evidence to the contrary by petitioners. They also argue that a business owner owes a duty to exercise reasonable care to prevent foreseeable harm. Petitioners

assert that the only issue presented to the circuit court turned on whether the harm inflicted was foreseeable to respondent and that the circuit court erroneously determined that no genuine issue of material fact existed regarding the element of foreseeability. As this Court has previously found, "'[t]he determination of whether a defendant in a particular case owes a duty to the plaintiff is not a factual question for the jury; rather the determination of whether a plaintiff is owed a duty of care by a defendant must be rendered by the court as a matter of law.' Syl. Pt. 5, *Aikens v. Debow*, 208 W.Va. 486, 541 S.E.2d 576 (2000)." Syl. Pt. 4, *Strahin v. Cleavenger*, 216 W.Va. 175, 603 S.E.2d 197 (2004). "When the facts about foreseeability as an element of duty are disputed and reasonable persons may draw different conclusions from them, two questions arise- one of law for the judge and one of fact for the jury." *Id.* at 180, 603 S.E.2d at 202, syl. pt. 11. This Court examined a similar situation in *Haddox*, wherein we addressed the foreseeability of a gunman entering a bowling alley and opening fire after making threats to his wife who was in that bowling alley. *See generally Haddox,* 176 W.Va. 744, 349 S.E.2d 910 (1986). As recognized in that matter:

> Failure to take precautionary measures to prevent an injury which if taken would have prevented the injury is not negligence if the injury could not reasonably have been anticipated and would not have happened if unusual circumstances had not occurred. Where a course of conduct is not prescribed by a mandate of law, foreseeability of injury to one to whom duty is owed is the very essence of negligence. A person is not liable for damages which result from an event which was not expected and could not have been anticipated by an ordinarily prudent person. If an occurrence is one that could not reasonably have been expected[,] the defendant is not liable. Foreseeableness or reasonable anticipation of the consequences of an act is determinative of defendant's negligence.

*Haddox*, 176 W.Va. at 748, 349 S.E.2d at 914 (internal citations omitted) (quoting *Mathews v. Cumberland Allegheny Gas Company*, 138 W.Va. 639, 653, 77 S.E.2d 180, 188 (1953)). Just as in *Haddox*, the record in the present case reveals that no one expected Thompson to act as he did. *Haddox*, 176 W.Va. at 749, 349 S.E.2d at 914. Ritchey testified during her deposition that Thompson never threatened her or anyone else that she observed. She also testified that she never heard about Thompson threatening anyone else or being involved in any disturbances or attacking anyone else prior to this incident. While the record reflects that Thompson did break a glass in an outdoor area of respondent's location, we do not find as a matter of law that under these facts Thompson's actions were foreseeable to respondent or anyone else at respondent's location at the time of the incident in June of 2007. Therefore, the circuit court did not err in granting summary judgment to respondent on the issue of foreseeability.

Petitioners' second assignment of error is that the circuit court misinterpreted the *Haddox* case and relied on this misinterpretation to issue its erroneous decision. *See Haddox*, 176 W.Va. 744, 349 S.E.2d 910 (1986). Petitioners argue that the reason this Court upheld summary judgment in *Haddox* was because the plaintiffs in that action resisted the motion for summary judgment only on argument, filing no affidavits disputing any of the bowling alley's factual allegations. *Id.* While petitioners are correct that we noted in *Haddox* that the plaintiffs "resisted the motion for summary judgment only by argument[]" and that they "filed no counter-affidavit disputing any of [the defendant's] factual allegations[,]" petitioners ignore the majority of this

Court's discussion in that case. *Id.* at 749, 349 S.E.2d at 915. Based upon our review of the record and West Virginia precedent, including *Haddox*, we find that the circuit court did not err in granting summary judgment to respondent.

Finally, petitioners argue that the circuit court misapplied the foreseeability standard by failing to take into consideration what respondent knew or should have known. Petitioners are critical of language in the circuit court's order granting summary judgment wherein the circuit court found that petitioners did not report the smashing of the glass and that without this key piece of information, it is not reasonable to believe that respondent should have foreseen that Thompson would attack petitioners. Petitioners point to the fact that one of the bar owners was on the premises at the time of both the glass breaking and the stabbing. They argue that the owner should have known that a patron was screaming and destroying property. As set forth above, there is no evidence in the record that Thompson made any threats to petitioners or other patrons on the night of the incident in June of 2007. Despite petitioners arguments to the contrary, the record does not support their contention that Thompson was screaming and causing a noticeable scene. We also note that the unforeseen criminal acts of an individual break "the chain of causation which originally began with the defendant's negligent act and relieving the defendant of any liability." *Yourtee v. Hubbard*, 196 W.Va. 683, 691, 474 S.E.2d 613, 621 (1996). As set forth herein, Thompson's acts in respondent's location on June of 2007 were not foreseeable as a matter of law. To the extent petitioners argue that respondent was negligent, the chain of causation was broken by Thompson's criminal act of stabbing the petitioners.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** November 22, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II