403 S.E.2d 782

**Berling MILLER and Virginia Miller, Plaintiffs Below, Appellants,**

v.

**David Lee HATTON, Defendant Below, Appellee.**

**No. 19571.**

Supreme Court of Appeals of West Virginia.

Submitted Jan. 9, 1991.

Decided April 2, 1991.

---

Mark L. Garren, Thomas M. Plymale, Garren, Plymale, Lycan & Pratt, Huntington, for appellant.

Charles E. Hurt, Hurt & Carrico, Charleston, for appellee.

Michael M. Fisher, Barry Taylor, Jenkins, Fenstermaker, Kreiger, Kayes & Farrell, Huntington, for Travelers Ins. Co.

PER CURIAM:

In this action to collect underinsured motorist insurance benefits, Berling Miller and his wife, Virginia Miller, appeal from an order of the Circuit Court of Cabell County. That order granted a motion for summary judgment on behalf of the insurer, Travelers Insurance Company (hereinafter "Travelers") thereby denying insurance coverage for the appellants. On appeal, the appellants contend that the lower court erred by 1) granting summary judgment on behalf of Travelers finding that there were no genuine issues of material fact and 2) ruling that the decision in *Stone v. Motorists Mut. Ins. Co.*, 654 F.Supp. 205 (S.D.W.Va.1986) prohibited the availability of underinsured motorist coverage in the present case. We disagree with the contentions of the appellants and therefore affirm the decision of the Circuit Court of Cabell County.

I.

On July 15, 1984, an automobile driven by appellant Berling Miller was struck by an automobile driven by the named appellee, David Lee Hatton. Mr. Miller was operating the automobile in the normal course of business as an employee of Mountaineer Gas Company (formerly known as Columbia Gas Company). The automobile was owned by Utility Leasing Corporation and was leased to Mountaineer Gas Company (hereinafter "Mountaineer Gas"). At the time of the accident, Mountaineer Gas was a subsidiary corporation of Allegheny and Western Energy Corporation (hereinafter "Allegheny"). Allegheny had purchased an insurance policy[1] from Travelers which provided automobile insurance coverage to Allegheny, Mountaineer Gas, and to appellant Berling Miller while operating his company car on company business. Appellant Berling Miller sustained significant injuries to his neck and, according to physicians testifying at trial, may be unable to retain future employment due to his injuries. Appellee David Hatton, whose negligence is not disputed in this

---

1. The policy actually purchased from Travelers, policy number T–CAP–191T582–5–84, was in effect from June 21, 1984, through June 21, 1985. The chosen policy, in addition to liability coverage, provided $50,000 coverage in uninsured motorist insurance for bodily injury and property damage, but did not provide any underinsured coverage. Specifically, the policy provided two boxes in which the insured could indicate the desire to activate the uninsured and underinsured options. In that definitional section, only the "uninsured motor vehicle" option is marked. The "underinsured motor vehicle" option is left blank. Thus, neither the language of the policy itself nor the premium amounts paid reflects any desire to purchase optional underinsured coverage.

matter, was insured through an automobile liability insurance policy issued by National Grange Mutual Insurance Company with limits of liability of $100,000.00.

On July 15, 1986, the appellants filed an action in the Circuit Court of Cabell County against the appellee and requested monetary damages for injuries received in the July 15, 1984, traffic accident. When it became apparent that the appellants could possibly be entitled to damages in excess of the tortfeasor's underlying insurance coverage, the appellants served Travelers with a copy of the amended complaint. Travelers was served on or about November 28, 1988, and filed an answer on December 13, 1988. Thereafter, Travelers actively participated in the defense of this civil action.

On January 20, 1989, the Circuit Court of Cabell County conducted a hearing on the motion for summary judgment filed on behalf of Travelers. Travelers contended that while it had issued a liability policy, underinsured motorist coverage had been explicitly rejected for employees, including the appellant Berling Miller. In support of this contention, Mr. Roland C. Baer, Jr., Treasurer of Mountaineer Gas, submitted an affidavit stating that he had negotiated the insurance contract with Travelers on behalf of Mountaineer Gas and Allegheny and that underinsured motorist coverage had been specifically rejected.[2] The policy was to be in effect from June 21, 1984, through June 21, 1985. No written rejection of underinsured motorist coverage,

however, was executed until December 5, 1984, almost five months after the July 15, 1984, traffic accident. From the evidence in the record and based upon representations of counsel, it does not appear that the appellants introduced any evidence or counter-affidavit in opposition to Travelers' explanation of the negotiations regarding underinsured motorist coverage. Travelers' motion for summary judgment was granted.

On February 23, 1989, a jury trial of this matter was conducted before the Circuit Court of Cabell County. During the trial, the appellants and the tortfeasor announced that they had reached a settlement agreement whereby the tortfeasor's insurance company agreed to pay the appellants the total sum of $103,000.00, to be paid over a fifteen-year period, in exchange for the appellants' covenant not to execute against the assets of the tortfeasor.

Subsequent to the settlement agreement, the tortfeasor and his counsel departed, the lower court dismissed the jury, and testimony was presented to establish all elements of liability and damages in this matter. At the conclusion of the presentation of such evidence, the lower court held that the appellants had proven by a preponderance of the evidence that the tortfeasor was wholly negligent and that as a direct and proximate result thereof, the appellants had suffered and in the future would continue to suffer damages in the amount of $514,479.67.[3] Accordingly, the lower

2. Specifically, Mr. Baer explained in his affidavit that he was responsible for the negotiation and purchase of a business automobile insurance policy. He further stated that prior to the purchase of the policy from Travelers, he had extensive discussions with the agent selling insurance on behalf of Travelers regarding the types of coverage available, the limits thereof, and the costs thereof. Mr. Baer also explained that underinsured motorist coverage was offered and stated that "after review, it was decided not to purchase said coverage." Mr. Baer stated that he executed a form on December 5, 1984, which evidenced the rejection of the underinsurance coverage and that said form was intended to show that underinsured coverage was not included in the policy during the entire policy period from June 21, 1984, to June 21, 1985. Mr. Baer also explained that it is not uncommon for a delay to occur in the completion of paperwork regarding the purchase of such policies of insurance. Mr. Baer concluded his explanation by stating that he would not have rejected underinsurance coverage unless he "fully considered the nature of the coverage which was being offered, the coverage limits, the costs involved and other existing insurance policies."

3. The total sum of $514,479.67 was allocated as follows:
   1. $11,070.88 for medical expenses of Berling Miller.
   2. $10,000.00 for future medical expenses of Berling Miller.
   3. $167,380.00 for lost wages and earning capacity for Berling Miller.
   4. $153,528.79 for future lost wages and earning capacity of Berling Miller.

court, by order dated April 24, 1989, awarded the appellants the sum of $514,479.67.

In order to preserve their rights to proceed against any underinsured motorist coverage in effect through the policy issued by Travelers, the appellants have appealed from the lower court's order granting Travelers' motion for summary judgment. They now contend that the lower court erred by 1) granting summary judgment on behalf of Travelers finding that there were no genuine issues of material fact and 2) ruling that the decision in *Stone* prohibited the availability of underinsured motorist coverage in the present case.[4]

## II.

West Virginia Code § 33-6-31(b) (1982)[5] requires insurance companies to provide an insured with the opportunity to procure optional underinsured motorist coverage up to an amount not less than the limits of bodily injury liability insurance purchased by the insured. We addressed this issue in *Bias v. Nationwide Mut. Ins. Co.*, 179 W.Va. 125, 365 S.E.2d 789 (1987). In syllabus point 1 of *Bias*, we stated the following: "Where an offer of optional coverage is required by statute, the insurer has the burden of proving that an effective offer was made, and that any rejection of said offer by the insured was knowing and informed." 179 W.Va. at 125, 365 S.E.2d at 789. In syllabus point 2 of *Bias*, we continued: "When an insurer is required by statute to offer optional coverage, it is included in the policy by operation of law when the insurer fails to prove an effective offer and a knowing and intelligent rejection by the insured." *Id.*, 179 W.Va. at 126, 365 S.E.2d at 790.

■ The appellants contend that Travelers did not prove that there was an effective offer and a knowing and intelligent waiver by the insured at the time the insurance was procured. The appellants further contend that because no waiver was proven, *Bias* mandates automatic inclusion of underinsurance coverage. The affidavit and exhibits offered by Travelers, the appellants argue, do not sufficiently establish that an offer of underinsured coverage was made and rejected. The appellants insist that the lower court erred by granting summary judgment because genuine issues of material fact existed regarding an offer of underinsurance coverage, the nature of the coverage offered, the coverage limits, the costs involved with such coverage, the exact date that underinsurance coverage was allegedly rejected, and whether the insured adequately and timely rejected underinsurance coverage prior to the accident in question.

The appellants, however, presented no evidence in opposition to Travelers' explanation of the negotiations regarding underinsurance coverage. Travelers contended, as evidenced by the affidavit of Mr. Baer, the individual who procured the insurance, that the issue of underinsured motorist coverage was discussed and that underinsured coverage was explicitly rejected. Furthermore, Mr. Baer stated that it is customary for negotiations to be held in this manner and that the common practice between Mountaineer Gas and Travelers was not to complete all paperwork at the time the insurance was provided, but merely to memorialize prior decisions with subsequent formality. In response to the motion for summary judgment, the appellants

5. $100,000.00 for past, present, and future pain and suffering of Berling Miller.
6. $50,000.00 for Berling Miller's loss of enjoyment of life, including the inability of Berling Miller to engage in normal pursuits and activities and permanent disability and disfigurement.
7. $22,500.00 for Virginia Miller's loss of consortium.

4. Because we conclude that the lower court correctly determined that no underinsured coverage existed in the policy issued by Travelers and that summary judgment was the appropriate

disposition of this case, we need not address the appellants' second assignment of error regarding the appropriate manner of calculation of any amounts of underinsurance coverage to be paid by Travelers. Moreover, the issue raised by the appellants in their second assignment of error has been resolved by our recent decision in *Pristavec v. Westfield Ins. Co.*, 184 W.Va. 331, 400 S.E.2d 575 (1990).

5. While W. Va.Code § 33-6-31 has been amended, the amendments do not affect the issues raised in the present case.

presented no counter-affidavit, but instead simply relied upon the dates of the transactions in question to support their contention that underinsurance coverage was not rejected until after the traffic accident in question.

■ Rule 56 of the West Virginia Rules of Civil Procedure dictates the standard by which the merits of a motion for summary judgment shall be determined. Rule 56(c), in pertinent part, provides as follows:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Furthermore, Rule 56(e) of the West Virginia Rules of Civil Procedure, in pertinent part, provides as follows:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

Thus, where a moving party presents evidence indicating that there is no genuine issue of material fact, the resisting party must present some specific evidence that the facts are in dispute. We explained the following in syllabus point 2 of *Guthrie v. Northwestern Mut. Life Ins. Co.*, 158 W.Va. 1, 208 S.E.2d 60 (1974):

> Under the provisions of Rule 56 of the West Virginia Rules of Civil Procedure, when the moving party presents depositions, interrogatories, affidavits or otherwise indicates there is no genuine issue as to any material fact, the resisting party to avoid summary judgment must present some evidence that the facts are in dispute.

The appellants' failure in the present case to introduce specific evidence in opposition to Travelers' motion for summary judgment undermines their claim that summary judgment was improperly granted. The lower court was presented with Travelers' explanation of the transactions in question, complete with an affidavit signed by the individual responsible for procuring the insurance in question. No counter-affidavits were filed, the affidavit of Mr. Baer was not specifically contested, and no evidence was introduced by the appellants to create a genuine issue of material fact.

We encountered a similar situation in *Brady v. Reiner*, 157 W.Va. 10, 198 S.E.2d 812 (1973), *overruled in part on other grounds, Board of Church Extension v. Eads*, 159 W.Va. 943, 230 S.E.2d 911 (1976). In *Brady*, the party opposing summary judgment contended that a genuine issue of material fact with regard to ownership of personal property existed but presented no factual support for that contention. In response to this general allegation, we explained the following:

> The record in this case is bereft of opposition affidavits or other means of expressing factual controversy to appellees' motion for summary judgment. Rule 56(c), W.Va.R.C.P. provides for a speedy determination of legal issues when the developed record discloses no genuine issue of material fact. Consonant with the spirit of the rule, this Court has previously held, upon ample supporting authority, that to successfully resist a motion for summary judgment, the party against whom it is made must present some evidence to indicate to the court that facts are in dispute, when the moving party's evidence shows no disputed facts. The mere contention that issues are disputable is not sufficient to deter the trial court from the award of summary judgment.

157 W.Va. at 29–30, 198 S.E.2d at 824 (citing *Petros v. Kellas*, 146 W.Va. 619, 122 S.E.2d 177 (1961)).

Similarly, in the present case, we perceive no error by the lower court in determining that summary judgment was the appropriate manner of disposition in this case. Consequently, we affirm the decision of the Circuit Court of Cabell County.

Affirmed.