490 S.E.2d 772

PAYNE'S HARDWARE & BUILDING SUPPLY, INC., a West Virginia Corporation, Plaintiff Below, Appellee,

v.

APPLE VALLEY TRADING COMPANY OF WEST VIRGINIA, a West Virginia corporation; Home Federal Savings Bank, a Maryland corporation; Richard A. Pill, Trustee; Cecil's Hardware & Building Supply, Inc., a West Virginia corporation; Tony W. Smith Heating & Air Conditioning, Defendants, Third–Party Plaintiffs Below, Appellees.

Arthur Eric WOODMAN and Cynthia Mary Woodman, Defendants, Third–Party Plaintiffs Below, Appellants,

v.

Kirk E. DAVIS, individually and as President of Apple Valley Trading Company of West Virginia; Larry Winegarden, individually and as Principal of Apple Valley Trading Company of West Virginia, Third–Party Defendants Below, Appellees.

No. 23861.

Supreme Court of Appeals of West Virginia.

Submitted May 6, 1997.

Decided July 14, 1997.

Mary L.C. Daniel, Daniel T. Booth, Martin & Seibert, Martinsburg, for Payne's Hardware & Building Supply, Inc.

Patrick G. Henry, III, Henry, Taylor & Janelle, Martinsburg, for Cecil's Hardware.

Amanda Lewis, Martinsburg, for Tony W. Smith Heating & Air Conditioning.

Margaret A. Gordon, Berkeley Springs, for Home Federal Savings and Richard A. Pill, Trustee.

Robert Aitcheson, Charles Town, for Woodmans.

Scott A. Ollar, Martinsburg, for Larry Winegarden.

PER CURIAM:

This is an appeal by Arthur and Cynthia Woodman (hereinafter "Appellants") from a January 3, 1996, order of the Circuit Court of Berkeley County denying the Appellants' motion for reconsideration of a November 9, 1995, order granting summary judgment in favor of the Plaintiff/Appellee Payne's Hardware, Inc. (hereinafter "Appellee"). The Appellants contend that the lower court erred in granting summary judgment to the Appellee

and in failing to grant the Appellants' motion for reconsideration of the summary judgment order. We affirm the decision of the lower court.

## I.

On May 17, 1993, the Appellants purchased five acres of property in Berkeley County and contracted with Defendant Apple Valley Trading Company for the construction of a home on the property. Although Apple Valley was paid $102,460, the home was not completed. On January 12, 1995, a civil action was filed by the Appellee and other suppliers against the Appellants for materialman's liens. The Appellee, a hardware and building supply store, alleged that the sum of $31,496.60 was owed for materials obtained by Apple Valley Trading Company for the construction of the Appellants' home. On March 8, 1995, the Appellants filed a third-party complaint against Kirk Davis and Larry Winegarden, as principals of Apple Valley Trading Company.[1]

On October 4, 1995, the Appellee filed a motion for summary judgment and supplied the affidavit of C. Wayne Dunham, Vice President of Payne's Hardware, Inc., in a rebuttal memorandum. Mr. Dunham's affidavit alleged that the Appellants owed Payne's Hardware the sum of $31,496.60, and that "the Defendants have been given credit for all setoffs, counterclaims and amounts to which they are entitled." No counter-affidavits were filed. By order entered November 13, 1995, the lower court granted the Appellee's motion for summary judgment,[2] and the Appellants filed a motion for reconsideration under Rule 60(b) on November 17, 1995, alleging that new issues had been raised within Mr. Dunham's affidavit which required additional inquiry prior to disposition by summary judgment. The Appellants also alleged that the affidavit did not comport with West Virginia Code § 56-4-71 (1997) requiring an account receivable valuation and assessment for tax purposes prior to final judgment being entered in actions for the collections of bonds, notes, or other evidences of debt.[3] On January 5, 1996, the lower

---

1. Apple Valley has now filed bankruptcy.

2. The summary judgment motion was granted against the Appellants in the amount of $38,796.12 which included the interest at the rate of 1% per month on the unpaid balance.

3. West Virginia Code § 56-4-71 provides as follows:

> In every action at law, proceeding or suit in equity, instituted on and after July second, one thousand nine hundred thirty-four, in a court of record in this State, for the collection of any bonds, notes, or other evidences of debt, the plaintiff or claimant shall be required to allege in his pleadings, or to prove by affidavit or otherwise at any time before final judgment or decree is entered:
>
> (1) That such bonds, notes or other evidence of debt have been assessed for taxation for each and every tax year on the first day of which he was the owner of same, not exceeding five years prior to that in which the action, suit or proceeding was instituted and not in any event, for any period beginning earlier than the first day of January, one thousand nine hundred thirty-three, or
>
> (2) That such bonds, notes, or other evidence of debt constituted a part of the capital employed in the business of such plaintiff or claimant and were assessed or taxed as such, or otherwise assessed or taxed as prescribed by law, or

> (3) That the plaintiff or claimant has not paid, or is unable to pay, the taxes and interest and penalties, if any, on such bonds, notes or other evidences of debt, but is willing for the same to be paid out of his first recovery thereon, or
>
> (4) That such bonds, notes or other evidence of debt sued upon are not taxable under the law in the hands of the plaintiff or claimant, or are otherwise exempt from taxation; and no judgment or decree of a court of record rendered in an action, suit or proceeding instituted on and after the date aforesaid, shall be valid unless the allegation herein required was made, or unless the proof herein required was reduced before final judgment or decree was entered.
>
> When in any such action at law, suit in equity or proceeding, it is ascertained that there are unpaid taxes, including interest and penalties, if any, on the evidence or evidences of debt sought to be enforced, and the plaintiff or claimant makes it appear to the court that he has not paid, or is unable to pay, said taxes, including interest and penalties, if any, but is willing for the same to be paid out of his first recovery thereon, the court may order, as a part of any judgment or decree in said action, suit or proceeding, that the taxes, including interest and penalties, if any, that are due and owing, shall be paid to the proper officer out of the first collection on said judgment or decree.
>
> But the title to real estate heretofore or hereafter sold by virtue of a deed of trust, mortgage

court ruled that no new issues had been raised and that its ruling on the issue of summary judgment would stand. The lower court concluded that the Appellants' bare denial of facts in the affidavit was insufficient. From that denial of its Rule 60(b) motion,[4] the Appellants now appeal to this Court.

## II.

The Appellants contend that the lower court failed to provide the opportunity to address the merits of the novel claims raised by the Appellee in its affidavit supporting the motion for summary judgment. Specifically, the Appellants assert that the affidavit introduced concerns not previously raised in the complaint or otherwise addressed and that the lower court erred in considering the affidavit without giving the Appellants the opportunity to respond. A primary consideration raised in the affidavit was the existence of credits applied to the Appellants' account. Apparently, funds from the Appellants' construction loan were received by the Appellee and then applied to past due accounts of Apple Valley. The Appellants maintain that the issue of whether those funds were properly applied to the Appellants' own account or other accounts of Apple Valley is a question of material fact which has not yet been addressed.

The Appellants request this Court to remand this matter to the lower court for an evidentiary hearing to fashion proper findings regarding the disputed issues. This Court's review of the denial of a motion to reconsider is for an abuse of discretion. *See Browder v. Director, Dep't of Corrections,* 434 U.S. 257, 263 n. 7, 98 S.Ct. 556, 560 n. 7, 54 L.Ed.2d 521 (1978); *Powderidge Unit Owners Ass'n v. Highland Properties, Ltd.,*

196 W.Va. 692, 705, 474 S.E.2d 872, 885 (1996); *Johnson v. Nedeff,* 192 W.Va. 260, 266, 452 S.E.2d 63, 69 (1994). We have also consistently held that a Rule 60(b) motion is not to be utilized as "a forum for the consideration of evidence which was available but not offered at the original summary judgment motion." *Powderidge,* 196 W.Va. at 706, 474 S.E.2d at 886.

As we explained in syllabus point three of *Aetna Casualty & Surety Co. v. Federal Insurance Co. of New York,* 148 W.Va. 160, 133 S.E.2d 770 (1963): "A motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law." Rule 56(c) of the West Virginia Rules of Civil Procedure provides, in pertinent part, as follows:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Further, Rule 56(e) of the West Virginia Rules of Civil Procedure provides, in pertinent part, as follows:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

Thus, pursuant to the Rules of Civil Procedure, where a moving party introduces

or vendor's lien, shall not be drawn in question upon the ground that the holder of the notes or bonds or evidences of debt secured by such deed of trust, mortgage or vendor's lien, did not list the same for taxation; and this section shall not affect in any manner any action, suit or proceeding pending or instituted in any court of this State prior to July second, one thousand nine hundred thirty-four.

If any paragraph, sentence, clause or phrase of this section shall for any reason be held invalid, the validity of the remaining phrases, clauses, sentences and paragraphs of this section shall not be affected thereby.

4. The Appellee also contends that the appeal was not timely filed and that a motion for reconsideration cannot be utilized to extend the time for appeal. *Rowan v. McKnight,* 184 W.Va. 763, 403 S.E.2d 780 (1991); *Toler v. Shelton,* 157 W.Va. 778, 204 S.E.2d 85 (1974). It is technically the denial of the Rule 60(b) motion that the Appellants appeal, not the lower court's determination grant of summary judgment.

evidence indicating that there is no genuine issue of material fact, the resisting party must be provided reasonable opportunity to present evidence that the facts are indeed in dispute. In syllabus point two of *Guthrie v. Northwestern Mutual Life Insurance Co.,* 158 W.Va. 1, 208 S.E.2d 60 (1974), we explained:

> Under the provisions of Rule 56 of the West Virginia Rules of Civil Procedure, when the moving party presents depositions, interrogatories, affidavits or otherwise indicates there is no genuine issue as to any material fact, the resisting party to avoid summary judgment must present some evidence that the facts are in dispute.

In *Miller v. Hatton,* 184 W.Va. 765, 403 S.E.2d 782 (1991), we concluded that the Appellants' failure "to introduce specific evidence in opposition to ... [the movant's] motion for summary judgment undermines their claim that summary judgment was improperly granted." *Id.* at 769, 403 S.E.2d at 786. In *Brady v. Reiner,* 157 W.Va. 10, 198 S.E.2d 812 (1973), *overruled in part on other grounds, Board of Church Extension v. Eads,* 159 W.Va. 943, 230 S.E.2d 911 (1976), the non-moving party argued that a genuine issue of material fact existed, but presented no factual support for such contention. In response to this general allegation, we explained the following:

> The record in this case is bereft of opposition affidavits or other means of expressing factual controversy to appellees' motion for summary judgment. Rule 56(c), W.Va.R.C.P. provides for a speedy determination of legal issues when the developed record discloses no genuine issue of material fact. Consonant with the spirit of the rule, this Court has previously held, upon ample supporting authority, that to successfully resist a motion for summary judgment, the party against whom it is made must present some evidence to indicate to the court that facts are in dispute, when the moving party's evidence shows no disputed facts. The mere contention that issues are disputable is not sufficient to deter the trial court from the award of summary judgment.

157 W.Va. at 29–30, 198 S.E.2d at 824 (citing *Petros v. Kellas,* 146 W.Va. 619, 122 S.E.2d 177 (1961)).

In *Sumner v. Adel Banking Company,* 244 Ga. 73, 259 S.E.2d 32 (1979), the Georgia court found no error in the entry of summary judgment for the appellee where the appellant had not filed a counter-affidavit or otherwise presented evidence. *Id.,* 259 S.E.2d at 35. Similarly, in *Garrett v. Reese,* 262 S.C. 327, 204 S.E.2d 432 (1974), the South Carolina court reasoned:

> Where the appellant relies solely upon the pleadings, files no counter-affidavits, and makes no factual showing in opposition to a motion for summary judgment, the lower court is required under this rule, to grant summary judgment, if, under the facts presented by the respondent, he was entitled to judgment as a matter of law.

204 S.E.2d at 433.

In *Williams v. Precision Coil, Inc.,* 194 W.Va. 52, 459 S.E.2d 329 (1995), we enunciated specific standards to be utilized in determining the appropriateness of summary judgment. "When a motion for summary judgment is mature for consideration and properly is documented with such clarity as to leave no room for controversy, the non-moving party must take the initiative and by affirmative evidence demonstrate that a genuine issue of fact exists." 194 W.Va. at 58, 459 S.E.2d at 335.

We explained in *Williams* that the circuit court's function in evaluating a summary judgment motion was not to determine the truth of the matter, but to simply determine whether a genuine issue existed. *Id.* at 59, 459 S.E.2d at 336, citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 2510–11, 91 L.Ed.2d 202 (1986). We also explained that while the underlying facts must be analyzed in a light most favorable to the non-moving party, the non-moving party must nonetheless offer some concrete evidence in its favor. *Id.* at 59–60, 459 S.E.2d at 336–37.

As we stated in *Crain v. Lightner,* 178 W.Va. 765, 769 n. 2, 364 S.E.2d 778, 782 n. 2 (1987), the initial burden of persuasion is upon the party moving for a summary judgment.

If the moving party makes a properly supported motion for summary judgment and

can show by affirmative evidence that there is no genuine issue of material fact, the burden of production shifts to the non-moving party "who must either (1) rehabilitate the evidence attacked by the movant, (2) produce additional evidence showing the existence of a genuine issue for trial or (3) submit an affidavit explaining why further discovery is necessary as provided in Rule 56(f)." 178 W.Va. at 769 n. 2, 364 S.E.2d at 782 n. 2.

Summary judgment is appropriate only after the non-moving party has enjoyed "adequate time for discovery." *Celotex Corp.*, 477 U.S. at 322, 106 S.Ct. at 2552; *Anderson*, 477 U.S. at 250 n. 5, 106 S.Ct. at 2511 n. 5. As this Court has recognized, summary judgment prior to the completion of discovery is "precipitous." *Williams*, 194 W.Va. at 61, 459 S.E.2d at 338, quoting *Board of Educ. of the County of Ohio v. Van Buren and Firestone, Arch., Inc.*, 165 W.Va. 140, 144, 267 S.E.2d 440, 443 (1980). Where a party requires additional information or time to respond to a motion for summary judgment, Rule 56(f) of the West Virginia Rules of Civil Procedure outlines the proper procedure, as follows:

> Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Syllabus point three of *Crain* further elaborates:

> Where a party is unable to resist a motion for summary judgment because of an inadequate opportunity to conduct discovery, that party should file an affidavit pursuant to W.Va.R.Civ.P. 56(f) and obtain a ruling thereon by the trial court. Such affidavit and ruling thereon, or other evidence that the question of a premature summary judgment motion was presented to and decided by the trial court, must be

included in the appellate record to preserve the error for review by this Court. In *Williams*, we stated that "subject to the conditions of Rule 56(g) [5], we believe a continuance of a summary judgment motion is mandatory upon a good faith showing by an affidavit that the continuance is needed to obtain facts essential to justify opposition to the motion." 194 W.Va. at 61–62, 459 S.E.2d at 338–39, footnote added. In syllabus point three of *Williams*, we stated as follows:

> If the moving party makes a properly supported motion for summary judgment and can show by affirmative evidence that there is no genuine issue of a material fact, the burden of production shifts to the non-moving party who must either (1) rehabilitate the evidence attacked by the moving party, (2) produce additional evidence showing the existence of a genuine issue for trial, or (3) submit an affidavit explaining why further discovery is necessary as provided in Rule 56(f) of the West Virginia Rules of Civil Procedure.

Where a party fails to avail himself of the relief granted through Rule 56(f), "it is generally not an abuse of discretion for a circuit court to rule on a motion for summary judgment." *Id.* at 62, 459 S.E.2d at 339. *See Nguyen v. CNA Corp.*, 44 F.3d 234, 241–42 (4th Cir.1995), quoting *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137 (2nd Cir. 1994) (" 'failure to file an affidavit under Rule 56(f) is itself sufficient grounds to reject a claim that the opportunity for discovery was inadequate' "). In *Evans v. Technologies Applications & Service Co.*, 80 F.3d 954 (4th Cir.1996), the Fourth Circuit held that "the nonmoving party cannot complain that summary judgment was granted without discovery unless that party made an attempt to oppose the motion on the grounds that more time was needed for discovery or moved for a continuance to permit discovery before the [trial] court ruled." *Id.* at 961. As we have often explained, "[t]he law ministers to the vigilant, not those who slumber on their rights." *Powderidge*, 196 W.Va. at 703, 474

---

**5.** Rule 56(g) provides as follows:

Affidavits Made in Bad Faith. Should it appear to the satisfaction of the court at any time that any of the affidavits presented pursuant to this rule are presented in bad faith or solely for the purpose of delay, the court shall forthwith order the party employing them to pay to the other party the amount of the reasonable expenses which the filing of the affidavits caused him to incur, including reasonable attorney's fees, and any offending party or attorney may be adjudged guilty of contempt.

S.E.2d at 883, quoting *Banker v. Banker*, 196 W.Va. 535, 547, 474 S.E.2d 465, 477 (1996), citing *Puleio v. Vose*, 830 F.2d 1197, 1203 (1st Cir.1987).

The Appellants in the present case did not file a counter-affidavit and did not avail themselves of Rule 56(f).[6] While the Appellants may have had legitimate inquiries to be raised within a counter-affidavit, they did not adhere to the procedures concisely articulated by the rules of civil procedure, and we find that they are therefore not entitled to the relief they presently seek.

Affirmed.

**6.** The Appellants also emphasize the local rule establishing a procedure for briefing motions such as the summary judgment motion in question. The rule, adopted in the twenty-third judicial circuit on December 28, 1992, provides for the original motion, a reply by the opposing party, and a rebuttal by the moving party. Pursuant to Rule 83 of the West Virginia Rules of Civil Procedure for Trial Courts of Record,

Each court may from time to time make and amend rules governing its local practice not inconsistent with these rules. Such rules and amendments shall be effective only after they are filed with and approved by the supreme court of appeals, which may order printing of such rules in the West Virginia Reports. Such rules shall also be recorded in the civil order book of the local court.

Because this Court is considering the development and promulgation of uniform local rules, no local rules have been approved for some period of time, and the local rule referenced by the Appellants has not been approved. The Appellants contend that the lower court improperly permitted the Appellee to introduce the Dunham affidavit through its rebuttal memorandum and that the local rule does specifically provide the opportunity for the opposing party to adequately respond to new material. However, that argument is specious in that the Rules of Civil Procedure, as discussed in this opinion, govern the situation encountered by the Appellants in the present case, and nothing in the local rules prevented the Appellants from availing themselves of those remedies.