# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**

**July 1, 2024**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**CHRISTOPHER MCMILLION and
SARAH DEMASTUS,**
**Defendants Below, Petitioners**

**v.) No. 23-ICA-262**          (Cir. Ct. Harrison Cnty. Case No. 22-C-121-2)

**BEVERLY D. TAYLOR, as Executrix of the
Last Will and Testament of Mary E. McMillion,
Plaintiff Below, Respondent**

## MEMORANDUM DECISION

Petitioners Christopher McMillion and Sarah DeMastus appeal the January 30, 2023, "Omnibus Order"[1] of the Circuit Court of Harrison County which granted Respondent Beverly Taylor's motion for substitution of parties, denied Petitioners' motion for summary judgment, granted Respondent's motion for summary judgment as to liability, set the matter for a jury trial as to damages, and ordered Petitioners to vacate the subject property within ninety days.[2] Ms. Taylor timely filed a response. Petitioners timely filed a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For

---

[1] The full title of the order is the "Omnibus Ruling Order Denying, as Moot, Motion for Protective Order Regarding The Deposition of Mary E. McMillion having been previously held in abeyance by Order entered herein on September 9, 2022 Granting Plaintiff's Motion to Substitute Parties, as amended, and directing substitution of Beverly Taylor, as Executrix of the Estate of Mary E. McMillion, as Plaintiff herein replacing Plaintiff, Mary E. McMillion, by and through her guardians and conservators Beverly Taylor and Sharon Glasscock Granting, as presented, Plaintiff's Motion to Exceed Page Limit Denying Motion for Summary Judgment of the Defendants, Christopher McMillion and Sarah DeMastus Granting Plaintiff's Motion for Summary Judgment Dismissing, with prejudice, Defendants, Christopher McMillion and Sarah DeMastus's, counterclaims against Plaintiff Awarding judgment on all of Plaintiff's claims, as to liability, in favor of Plaintiff and against Defendants as molded herein."

[2] Petitioners are self-represented. Respondent is represented by Richard R. Marsh, Esq.

1

these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

From 1969 until 2021, Mary McMillion lived on a 197-acre tract of land in Harrison County, West Virginia. In 2008, Ms. McMillion's grandson, Christopher McMillion, moved into a mobile home on Ms. McMillion's property. Mr. McMillion lived in the mobile home with his girlfriend, Sarah DeMastus. In 2021, Ms. McMillion's health began to deteriorate, and she became less and less able to care for herself. Eventually, Adult Protective Services became involved, and she was moved to a long-term care facility before her death on September 22, 2022.

On July 1, 2022, the underlying civil action was filed on behalf of Ms. McMillion by her daughters, Respondent Ms. Taylor and Sharon Glasscock, against the Petitioners. The complaint asserted a claim for financial exploitation of Ms. McMillion for the Petitioners' removal of Ms. McMillion's property from her home; a claim for unlawful detainer for remaining on Ms. McMillion's property after their tenancy had been revoked; a claim for violation of the Computer Crime and Abuse Act for Petitioners' accessing Ms. McMillion's electrical service account; and a claim for conversion for misappropriating $1,200.00 given to Mr. McMillion by Ms. McMillion to pay property taxes. Petitioners responded and asserted counterclaims for equitable and promissory estoppel, defamation, and intentional infliction of emotional distress.

On December 20, 2022, Ms. Taylor and Ms. Glasscock moved for summary judgment. Petitioners also filed a motion for summary judgment, which was solely based upon their argument that Ms. Taylor and Ms. Glasscock no longer had standing due to Ms. McMillion's death. In response, Ms. Taylor moved to substitute herself as executrix of the Estate of Mary McMillion. In connection with such motion, Ms. Taylor filed a corresponding response to the motion for summary judgment. Petitioners also filed a response to Ms. Taylor's motion for summary judgment. However, such response did not address the merits of Ms. Taylor's motion; rather, it again relied upon the standing argument.

On January 30, 2023, the circuit court entered its Omnibus Order now on appeal. Relevant to the issues on appeal, the circuit court granted Ms. Taylor's motion for summary judgment as to Petitioners' claims against her, denied Petitioners' corresponding dispositive motion, and granted summary judgment in favor of Ms. Taylor as to Ms. Taylor's claims against Petitioners only as to the issue of liability, preserving the issue of damages for the jury. The circuit court also granted Ms. Taylor's motion to substitute, thereby substituting Ms. Taylor as executrix of the Estate of Mary McMillion in place of Ms. Taylor and Ms. Glasscock on behalf of Ms. McMillion.

Following entry of the Omnibus Order, the circuit court set the matter for a jury trial on damages as to Ms. Taylor's claims against Petitioners. On February 7, 2023, following

a jury trial as to damages, the jury awarded $0.00 in damages for the claim for financial exploitation, $1350.00 for unlawful detainer, and $0.00 for conversion. The jury verdict was adopted by the circuit court by order entered March 2, 2023.[3]

It is well established in West Virginia that "[a] circuit court's entry of summary judgment is reviewed de novo." Syl. Pt. 1, *Painter v. Peavy*, 192 W. Va. 189, 190, 451 S.E.2d 755, 756 (1994). In conducting our de novo review, we apply the same standard for granting summary judgment that is applied by the circuit court. Under that standard,

> [s]ummary judgment is appropriate where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, such as where the nonmoving party has failed to make a sufficient showing on an essential element of the case that it has the burden to prove.

*Id*. at 190, 451 S.E.2d at 756, syl. pt. 4.

On appeal, Petitioners assert that the circuit court erred in granting summary judgment as to liability because there was a genuine issue of material fact. We disagree. In *Miller v. Hatton*, 184 W. Va. 765, 769, 403 S.E.2d 782, 786 (1991), the Supreme Court of Appeals of West Virginia concluded that the appellants' failure "to introduce specific evidence in opposition to ... [the movant's] motion for summary judgment undermines their claim that summary judgment was improperly granted." Here, Petitioners failed to introduce specific evidence in opposition to Ms. Taylor's motion for summary judgment, relying instead on their legal argument regarding standing. Likewise, on appeal, Petitioners fail to point to any evidence in the record that demonstrates there is a genuine dispute of material fact as to liability. Accordingly, the circuit court did not err in concluding that there was no genuine issue of material fact as to the issue of liability.

Petitioners also assert that the circuit court deprived them of their right to a jury trial by improperly substituting its judgment regarding the facts of the case for that of the jury by granting summary judgment as to liability. We disagree. "The summary judgment procedure provided by Rule 56 of the West Virginia Rules of Civil Procedure . . . does not infringe upon the constitutional right of a party to a trial by jury . . . [it] is a determination that, as a matter of law, there is no issue of fact to be tried." *Aetna Cas. & Sur. Co. v. Fed. Ins. Co. of New York*, 148 W. Va. 160, 172, 133 S.E.2d 770, 777 (1963) (citations omitted). Here, having already determined that the circuit court did not err in determining, as a matter of law, that there is no issue of fact to be tried as to Petitioners' liability for Ms. Taylor's claims against them, it is clear that the circuit court did not deprive Petitioners of their right to a jury trial as to the issue of liability. Further, insomuch as Petitioners argue that they are subjected to inconsistent judgments, the jury's determination in the damages trial that

---

[3] Due to post trial motion practice, the order adopting the jury verdict was not final until June 22, 2023.

3

Ms. Taylor failed to prove damages as to some of her claims is not inconsistent with the circuit court's prior determination that Ms. Taylor was entitled to judgment as a matter of law on the issue of liability. Accordingly, the circuit court did not deprive the Petitioners of their right to a jury trial.

Petitioners next assert that the circuit court erred by refusing to comply with West Virginia Code § 55-5-1 (1882) when ordering Petitioners to vacate the property. We disagree. West Virginia Code § 55-5-1 provides:

> Any defendant against whom a decree or judgment shall be rendered for land, where no assessment of damages has been made under the preceding article, may, at any time before the execution of the decree or judgment, present a petition to the court rendering such decree or judgment, stating that he or those under whom he claims, while holding the premises under a title believed by him or them to be good, have made permanent improvements thereon, and praying that he may be allowed for the same the fair and reasonable value thereof; and thereupon the court, if satisfied of the probable truth of the allegation, shall suspend the execution of the judgment or decree, and impanel a jury to fix and assess the damages of the plaintiff (if any) and the value of the improvements (if any) so made by the defendant.

Here, it does not appear that a formal petition was presented to the circuit court. Nevertheless, Petitioners do not point to anything in the record that indicates that they thought they held valid title to the property when making their alleged improvements. In Petitioners answer and counterclaim, there is an assertion that Petitioners had an agreement with Ms. McMillion that she would eventually devise the property to them. However, a mere expectancy or anticipation of title is insufficient under the statute. *See Green v. Mullins*, 146 W. Va. 958, 966, 124 S.E.2d 244, 249 (1962) (citing *Kelly v. Kelly*, 293 Ky. 42, 168 S.W.2d 339, 340 (1943)). Accordingly, the circuit court did not err by refusing to apply West Virginia Code § 55-5-1.

Lastly, Petitioners assert that the circuit court erred by failing to dismiss this matter upon the death of Ms. McMillion. Again, we disagree. Rule 25 of the West Virginia Rules of Civil Procedure provides, in part, "[i]f a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties." Further, West Virginia Code § 55-7-8a (1959) provides, in relevant part:

> (a) In addition to the causes of action which survive at common law, causes of action for injuries to property, real or personal, or injuries to the person and not resulting in death, or for deceit or fraud, also shall survive; and such actions may be brought notwithstanding the death of the person entitled to recover or the death of the person liable.

4

(b) If any such action is begun during the lifetime of the injured party, and within the period of time permissible under the applicable statute of limitations as provided by articles two and two-a of this chapter, (either against the wrongdoer or his personal representative), and such injured party dies pending the action it may be revived in favor of the personal representative of such injured party and prosecuted to judgment and execution against the wrongdoer or his personal representative.

Here, the causes of action asserted against the Petitioners are best described as causes of action for injuries to the real and personal property of Ms. McMillion and, therefore, pursuant to West Virginia Code § 55-7-8a(a), the claims are not extinguished by the death of Ms. McMillion. Further, since the causes of action survive Ms. McMillion's death, pursuant to Rule 25 of the West Virginia Rules of Civil Procedure, the circuit court was permitted to substitute Ms. Taylor, as executrix of Ms. Million's estate, as the proper party. Accordingly, the circuit court did not err by failing to dismiss this matter upon the death of Ms. McMillion.

Wherefore, based on the foregoing, the January 30, 2023, Omnibus Order, is affirmed.

Affirmed.

**ISSUED:** July 1, 2024

**CONCURRED IN BY:**
Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear