# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**

**July 30, 2024**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**JULIAN LEE GREEN,**
**Plaintiff Below, Petitioner**

**v.) No. 23-ICA-310**          (Cir. Ct. Ohio Cnty. Case No. CC-35-2022-C-AP-9)

**OFFICER B. HOEHN, OFFICER**
**C. CASTILOW, CHIEF SHAWN**
**SCHWERTFEGER, and**
**CHRISTOPHER HOOD, Assistant Ohio**
**County Prosecuting Attorney,**
**Defendants Below, Respondents**

## MEMORANDUM DECISION

Petitioner Julian Lee Green appeals the July 5, 2023, order of the Circuit Court of Ohio County which granted Respondents' motion for summary judgment. Respondents timely filed a response in support of the circuit court's order.[1] Mr. Green did not file a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

This matter stems from an incident that occurred on August 19, 2020, that resulted in Mr. Green being criminally charged with assault. On January 12, 2021, the criminal assault charge was dismissed. On October 11, 2022, Mr. Green filed his underlying civil complaint in the Magistrate Court of Ohio County. In his handwritten complaint, Mr. Green alleges:

On or about Jan-12-2021- Case#(20-M35M-01866) Malicious Prosecution. Violations of criminal and civil law. False Arrest. Violating Plaintiff's 4th amendment rights. Causing mental and emotional harm. Seeking

---

[1] Mr. Green is self-represented. Respondents are represented by Thomas E. Buck, Esq.

1

($10,000.00) for the pain and suffering and violations of civil and criminal law placed upon me by the Defendants.

On October 31, 2022, Respondent Christopher Hood filed a motion to dismiss on the basis that the complaint fails to state a claim. On November 1, 2022, the magistrate court dismissed the case against Mr. Hood on the basis that the complaint failed to state a claim.

On November 2, 2022, Respondents Chief Schwertfeger, Officer C. Castilow, and Officer B. Hoehn ("Police Respondents"), filed their motion to dismiss for failure to state a claim, lack of subject matter jurisdiction, and governmental immunity. On November 7, 2022, the magistrate court granted the motion to dismiss on the basis that the complaint failed to state a claim, the court lacked subject matter jurisdiction, and the claims were barred by governmental immunity.

On November 10, 2022, Mr. Green appealed to circuit court on the basis that, "[the judgment is clearly excessive and is not supported by the law. The plaintiff has showed [sic] a pattern of this behavior by these Defendants. (City employees of Wheeling.) The Judge has made an error regarding the FACTS in the case."

Thereafter, Mr. Hood and the Police Respondents separately moved to dismiss. On February 27, 2023, Mr. Green filed his motion for an in-person hearing in which he asks for a chance to present legal argument and evidence in support of his claims. The motion does not specifically state what legal arguments or evidence Mr. Green wished to put forth and does not specifically respond or dispute the arguments made by the Respondents in their motions to dismiss. Further, Mr. Green did not attach any affidavits, transcripts, or other exhibits to the motion.

On April 12, 2023, Mr. Hood moved the circuit court for an order imposing reasonable limitations on Mr. Green's ability to file civil actions on the basis that he had filed more than thirty suits in State and Federal courts.[2]

On May 12, 2023, the Police Respondents moved for summary judgment on the basis that they are entitled to various immunities, Mr. Green's claims are barred by the

---

[2] Indeed, Mr. Green is no stranger to this Court. This Court has previously affirmed the grant of summary judgment of Mr. Green's claims in *Green v. McFarland*, No. 23-ICA-121, 2024 WL 493586 (W. Va. Ct. App. Feb. 8, 2024) (memorandum decision) and affirmed the dismissal of his claims in *Green v. Schaffer*, No. 23-ICA-181, 2024 WL 1256375 (W. Va. Ct. App. Mar. 25, 2024) (memorandum decision). Furthermore, in addition to the current matter before the Court, Mr. Green has two additional appeals that are pending before the Court in Case No. 23-ICA-301 and Case No. 23-ICA-374.

public duty doctrine, Mr. Green's complaint violates § 29-12A-6(d) (1986), supervisor liability could not attach to Chief Schwertfeger, and Mr. Green is not entitled to further discovery since the matter was an appeal from magistrate court. On the same date, Mr. Hood moved for summary judgment on the basis that he is entitled to various immunities, Mr. Green's claims are barred by the public duty doctrine, Mr. Green's complaint violates § 29-12A-6(d) (1986), and Mr. Green is not entitled to further discovery since the matter was an appeal from magistrate court. It does not appear that Mr. Green responded to the motions for summary judgment.

On July 5, 2023, the circuit court entered an order granting the Respondents' motions for summary judgment. In that order, the circuit court noted that Mr. Green did not state how there was malicious prosecution, did not state any facts that would support a claim for false arrest, and made no factual showing that his 4th Amendment rights were violated. The circuit court went on to conclude that all Respondents were entitled to qualified immunity; Mr. Hood was entitled to prosecutorial immunity; Mr. Hood was statutorily immune; Mr. Green's complaint violated § 29-12A-6(d) (1986); the Police Respondents were statutorily immune; the Public Duty Doctrine barred Mr. Green's claims; and supervisor liability could not attach to Chief Schwertfeger. It is from this order that Mr. Green appeals.

It is well established in West Virginia that "[a] circuit court's entry of summary judgment is reviewed *de novo*." Syl. Pt. 1, *Painter v. Peavy*, 192 W. Va. 189, 190, 451 S.E.2d 755, 756 (1994). In conducting our de novo review, we apply the same standard for granting summary judgment that is applied by the circuit court. Under that standard,

> [s]ummary judgment is appropriate where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, such as where the nonmoving party has failed to make a sufficient showing on an essential element of the case that it has the burden to prove.

*Id*. at 190, 451 S.E.2d at 756, syl. pt. 4.

On appeal, Mr. Green asserts that the circuit court erred by "refusing to hold a hearing to look at evidence." We disagree. In *Miller v. Hatton*, 184 W. Va. 765, 769, 403 S.E.2d 782, 786 (1991), the Supreme Court of Appeals of West Virginia concluded that the appellants' failure "to introduce specific evidence in opposition to ... [the movant's] motion for summary judgment undermines their claim that summary judgment was improperly granted." Here, Mr. Green failed to respond to the motions for summary judgment, failed to introduce, or even allege, specific evidence in opposition to Respondents' motions for summary judgment, and on appeal, Mr. Green does not assert that the circuit court erred in concluding that his claims were barred by the immunity defenses asserted by the Respondents, the public duty doctrine, or that his complaint

3

violates West Virginia Code § 29-12A-6(d). Accordingly, the circuit court did not err by granting summary judgment.

Wherefore, based on the foregoing, the July 5, 2023, order of the Circuit Court of Ohio County is affirmed.

Affirmed.

**ISSUED:** July 30, 2024

**CONCURRED IN BY:**
Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear