IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

FILED
July 30, 2024

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**JULIAN LEE GREEN,**
**Plaintiff Below, Petitioner**

**v.) No. 23-ICA-301**       (Cir. Ct. Ohio Cnty. Case No. CC-35-2023-C-AP-9)

**CHRISTOPHER HOOD,**
**LT. CLOUSTON, and**
**DAVID LEDDY,**
**Defendants Below, Respondents**

**MEMORANDUM DECISION**

Petitioner Julian Lee Green appeals the June 15, 2023, order of the Circuit Court of Ohio County which granted Respondents' motion for summary judgment. Respondents Christopher Hood and Lt. Clouston timely filed a response.[1] Respondent David Leddy did not participate in this appeal. Mr. Green did not file a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

This matter stems from an incident that occurred on November 1, 2021, that resulted in Mr. Green being criminally charged with battery. On September 22, 2022, Mr. Green was found not guilty of battery. On December 29, 2022, Mr. Green filed his underlying civil complaint in the Magistrate Court of Ohio County. In his handwritten complaint, Mr. Green alleges:

(1) Christopher Hood causing an intentional infliction of emotional distress pursuing baseless charges of the Petitioner. Abuse of Power. Violations of Constitutional Rights. (2) Lt. Clouston, abuse of power pursuing baseless charges, Violations of Constitutional Rights 1st Amendment to redress the Government. Retaliation and harassment against the Petitioner causing an intentional infliction of emotional distress abuse of power. (3) Daniel Leddy-

---

[1] Mr. Green is self-represented. Mr. Hood and Lt. Clouston are represented by Thomas E. Buck, Esq.

1

assault and/or battery against the Petitioner. Destruction of property. Causing mental and emotional harm to the Petitioner. $10,000.00.

On January 10, 2023, Respondent Christopher Hood filed a motion for a more definite statement or in the alternative motion to dismiss. On January 16, 2023, Respondent David Leddy filed an answer to the complaint and moved to dismiss for failure to state a claim. On January 30, 2023, Respondent Lt. Clouston filed a motion to dismiss the claims against him.

On February 2, 2023, the magistrate court dismissed Mr. Green's claims on the basis that he failed to state a claim on which relief can be granted. On February 15, 2023, Mr. Green appealed the magistrate's decision to the circuit court. The appeal to circuit court does not assert a basis for appeal against any individual Respondent but centers exclusively on alleged conflicts of interest of the magistrate.

Thereafter, Lt. Clouston and Mr. Hood moved the circuit court to dismiss Mr. Green's claims. On April 3, 2023, Mr. Green filed his Response to Motion to Dismiss/Motion for In-Person Hearing in which he asks for a chance to present legal argument and evidence in support of his claims. The response and motion do not specifically state what legal arguments or evidence Mr. Green wished to put forth and does not specifically respond or dispute the arguments made in the motion to dismiss. Further, Mr. Green did not attach any affidavits, transcripts, or other exhibits to the motion.

On April 12, 2023, Lt. Clouston and Mr. Hood moved the circuit court for an order imposing reasonable limitations on Mr. Green's ability to file civil actions on the basis that he had filed more than thirty suits in State and Federal courts.[2]

On May 10, 2023, Lt. Clouston and Mr. Hood moved for summary judgment on the basis that they are entitled to various immunities, Mr. Green's claims were barred by the public duty doctrine, Mr. Green's complaint violated West Virginia Code § 29-12A-6(d) (1986), and Mr. Green is not entitled to further discovery since the matter was an appeal from magistrate court. It does not appear that Mr. Green filed a response to the motion for summary judgment.

---

[2] Indeed, Mr. Green is no stranger to this Court. This Court has previously affirmed the grant of summary judgment of Mr. Green's claims in *Green v. McFarland*, No. 23-ICA-121, 2024 WL 493586 (W. Va. Ct. App. Feb. 8, 2024) (memorandum decision) and affirmed the dismissal of his claims in *Green v. Schaffer*, No. 23-ICA-181, 2024 WL 1256375 (W. Va. Ct. App. Mar. 25, 2024) (memorandum decision). Furthermore, in addition to the current matter before the Court, Mr. Green has two additional appeals that are pending before the Court in Case No. 23-ICA-374 and Case No. 23-ICA-310.

On June 15, 2023, the circuit court entered an order granting summary judgment as to Mr. Green's claims. In that order, the circuit court noted that the only evidence before the circuit court was that Mr. Green was charged with a crime, a magistrate found probable cause, and then he was ultimately found not guilty. The complaint did not allege that either the police or the prosecutor's office knowingly violated a clearly established law or otherwise acted maliciously and therefore Lt. Clouston and Mr. Hood were entitled to qualified immunity. Further, Mr. Hood was entitled to prosecutorial immunity while both Mr. Hood and Lt. Clouston were entitled to statutory immunity per § 29-12A-5(a)(5). Lastly, the complaint should be dismissed because it specified a demand for monetary damages sought in violation of § 29-12A-6(d) (1986). It is from this order that Mr. Green appeals.

It is well established in West Virginia that "[a] circuit court's entry of summary judgment is reviewed *de novo*." Syl. Pt. 1, *Painter v. Peavy*, 192 W. Va. 189, 190, 451 S.E.2d 755, 756 (1994). In conducting our de novo review, we apply the same standard for granting summary judgment that is applied by the circuit court. Under that standard,

> [s]ummary judgment is appropriate where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, such as where the nonmoving party has failed to make a sufficient showing on an essential element of the case that it has the burden to prove.

*Id.* at 190, 451 S.E.2d at 756, syl. pt. 4.

On appeal, Mr. Green asserts that the circuit court erred by "refusing to hold a hearing to look at evidence." We disagree. In *Miller v. Hatton*, 184 W. Va. 765, 769, 403 S.E.2d 782, 786 (1991), the Supreme Court of Appeals of West Virginia concluded that the appellants' failure "to introduce specific evidence in opposition to ... [the movant's] motion for summary judgment undermines their claim that summary judgment was improperly granted." Here, Mr. Green failed to respond to the motions for summary judgment, failed to introduce, or even allege, specific evidence in opposition to Respondents' motion for summary judgment, and on appeal, Mr. Green does not assert that the circuit court erred in concluding that his claims were barred by the immunity defenses asserted by the Respondents, the public duty doctrine, or that his complaint violates West Virginia Code § 29-12A-6(d). Accordingly, the circuit court did not err by granting summary judgment.

Wherefore, based on the foregoing, the June 15, 2023, order of the Circuit Court of Ohio County is affirmed.

Affirmed.

3

**ISSUED:**  July 30, 2024

**CONCURRED IN BY:**
Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear