IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**FILED**

**July 30, 2024**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**JULIAN LEE GREEN,**
**Plaintiff Below, Petitioner**

**v.) No. 23-ICA-374**          (Cir. Ct. Ohio Cnty. Case No. CC-35-2023-C-AP-3)

**CHRISTOPHER HOOD, Assistant Ohio**
**County Prosecuting Attorney,**
**CHIEF SHAWN SCHWERTFEGER,**
**OFFICER MITCHELL, and**
**OFFICER MILLER,**
**Defendants Below, Respondents**


## MEMORANDUM DECISION

Petitioner Julian Lee Green appeals the June 15, 2023, order of the Circuit Court of Ohio County which granted Respondents' motion for summary judgment. Respondents timely filed a response in support of the circuit court's order.[1] Mr. Green did not file a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

This matter stems from an incident that occurred on August 11, 2021, that resulted in Mr. Green being criminally charged with disorderly conduct. On October 25, 2021, the criminal charge was dismissed. On December 5, 2022, Mr. Green filed his underlying civil complaint in the Magistrate Court of Ohio County. In his handwritten complaint, Mr. Green alleges:

> On or about 8/11/2021 these defendants did violate my Constitutional Rights. Malicious prosecution, Retaliation, violating the law and there [sic] own policies. Causing the Plaintiff emotional and mental harm. Intentional Infliction of Emotional Distress. $10,000.00 in damages from the illegal

---

[1] Mr. Green is self-represented. Respondents are represented by Thomas E. Buck, Esq.

actions of these Defendants. Violating the 14th Amendment to "Equal Protection of Laws."

On December 21, 2022, Respondent Christopher Hood filed a motion for a more definite statement or in the alternative motion to dismiss for failure to state a claim. On January 6, 2023, Respondents Chief Schwertfeger, Officer Mitchell, and Officer Miller ("Police Respondents") filed their motion to dismiss for failure to state a claim and for lack of subject matter jurisdiction. On January 9, 2023, the magistrate court granted the Respondents' motions to dismiss on the basis that the complaint failed to state a claim, the court lacked jurisdiction over punitive damages, and governmental immunities.

Mr. Green then appealed to circuit court. On February 17, 2023, Mr. Hood and the Police Respondents separately moved to dismiss in circuit court. On February 27, 2023, Mr. Green filed his motion for an in-person hearing in which he asks for a chance to present legal argument and evidence in support of his claims. The motion does not specifically state what legal arguments or evidence Mr. Green wished to put forth and does not specifically respond or dispute the arguments made by the Respondents in their motions to dismiss. Further, Mr. Green did not attach any affidavits, transcripts, or other exhibits to the motion.

On April 12, 2023, Mr. Hood moved the circuit court for an order imposing reasonable limitations on Mr. Green's ability to file civil actions on the basis that he had filed more than thirty suits in State and Federal courts.[2]

On May 18, 2023, Mr. Hood and the Police Respondents separately moved for summary judgment. It does not appear that Mr. Green responded to the motions for summary judgment.

On June 15, 2023, the circuit court entered an order granting Respondents' motions for summary judgment. In that order, the circuit court held that Mr. Green did not allege that the Respondents knowingly violated any clearly established law or otherwise acted maliciously and therefore were entitled to qualified immunity; Mr. Hood was entitled to prosecutorial immunity; Mr. Hood was entitled to statutory immunity; Mr. Green's complaint violated § 29-12A-6(d) (1986); the police Respondents were statutorily immune;

---

[2] Indeed, Mr. Green is no stranger to this Court. This Court has previously affirmed the grant of summary judgment of Mr. Green's claims in *Green v. McFarland*, No. 23-ICA-121, 2024 WL 493586 (W. Va. Ct. App. Feb. 8, 2024) (memorandum decision) and affirmed the dismissal of his claims in *Green v. Schaffer*, No. 23-ICA-181, 2024 WL 1256375 (W. Va. Ct. App. Mar. 25, 2024) (memorandum decision). Furthermore, in addition to the current matter before the Court, Mr. Green has two additional appeals that are pending before the Court in Case No. 23-ICA-301 and Case No. 23-ICA-310.

the Public Duty Doctrine barred Mr. Green's claims; and supervisor liability could not attach to Chief Schwertfeger. It is from this order that Mr. Green appeals.

It is well established in West Virginia that "[a] circuit court's entry of summary judgment is reviewed *de novo*." Syl. Pt. 1, *Painter v. Peavy*, 192 W. Va. 189, 190, 451 S.E.2d 755, 756 (1994). In conducting our de novo review, we apply the same standard for granting summary judgment that is applied by the circuit court. Under that standard,

> [s]ummary judgment is appropriate where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, such as where the nonmoving party has failed to make a sufficient showing on an essential element of the case that it has the burden to prove.

*Id*. at 190, 451 S.E.2d at 756, syl. pt. 4.

On appeal, Mr. Green asserts that the circuit court erred by "refusing to hold a hearing to look at evidence." We disagree. In *Miller v. Hatton*, 184 W. Va. 765, 769, 403 S.E.2d 782, 786 (1991), the Supreme Court of Appeals of West Virginia concluded that the appellants' failure "to introduce specific evidence in opposition to ... [the movant's] motion for summary judgment undermines their claim that summary judgment was improperly granted." Here, Mr. Green failed to respond to the motions for summary judgment, failed to introduce, or even allege, specific evidence in opposition to Respondents' motions for summary judgment, and on appeal, Mr. Green does not assert that the circuit court erred in concluding that his claims were barred by the immunity defenses asserted by the Respondents, the public duty doctrine, or that his complaint violates West Virginia Code § 29-12A-6(d). Accordingly, the circuit court did not err by granting summary judgment.

Wherefore, based on the foregoing, the June 15, 2023, order of the Circuit Court of Ohio County is affirmed.

Affirmed.

**ISSUED:** July 30, 2024

**CONCURRED IN BY:**
Chief Judge Thomas E. Scarr
Judge Charles O. Lorensen
Judge Daniel W. Greear