STATE OF WEST VIRGINIA

**FILED**

**May 20, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**Bonita Redd,**
**Plaintiff Below, Petitioner**

**vs)   No. 15-0566** (McDowell County 13-C-19)

**McDowell County Board of Education, and**
**West Virginia Department of Education,**
**Defendants Below, Respondents**

## MEMORANDUM DECISION

Petitioner Bonita Redd, pro se, appeals the May 15, 2015, order of the Circuit Court of McDowell County awarding summary judgment to Respondents McDowell County Board of Education and West Virginia Department of Education because of petitioner's failure to exhaust her administrative remedies. Respondents, by counsel Kevin J. Robinson, filed a response, and petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

During the 2010-11 school year, petitioner was employed by Respondent McDowell County Board of Education ("McDowell County") as an assistant principal at Mt. View High School ("Mt. View"). On January 7, 2011, the McDowell County Superintendent of Schools notified petitioner that she was being considered for a transfer to another position in accordance with West Virginia Code § 18A-2-7 because he intended to eliminate all assistant principal positions including the position petitioner then held at Mt. View. The McDowell County superintendent simultaneously notified petitioner, in accordance with West Virginia Code § 18A-2-2, that her employment contract as an assistant principal would be terminated at the end of that school year for the same reason. At the time petitioner received these notices, McDowell County was subject to an intervention by Respondent West Virginia Department of Education ("WVDOE") pursuant to West Virginia Code § 18-2E-5.

Following a hearing on January 19, 2011, a designee of the State Superintendent of

Schools approved petitioner's transfer from her assistant principal's position. Thereafter, on April 7, 2012, petitioner was notified by the Director of Personnel for the McDowell County school system that she was being transferred to the position of classroom teacher at River View High School ("River View"). Petitioner did not file a grievance challenging the termination of her contract as an assistant principal or her transfer to a teaching position at River View.

Petitioner subsequently applied for and received a position as a fourth grade teacher at Welch Elementary School, effective August 5, 2011. However, after learning that two other professional employees of the McDowell County school system received jobs in the administration at Mt. View, petitioner filed two grievances before the West Virginia Public Employees Grievance Board ("grievance board"). In No. 2012-0419-McDED, petitioner challenged the hiring of Kathryn Tabor as the supervisor of curriculum and instruction. In No. 2012-0420-McDED, petitioner challenged the hiring of Leon Gravely as the dean of students. Petitioner contended that she should have received the position in each case because it was the equivalent of an assistant principal's job from which she was unjustly terminated. In denying both grievances, the administrative law judge ("ALJ") found that petitioner primarily focused on "the [prior] decision to eliminate her position as an [a]ssistant [p]rincipal and transfer her to another non-administrative position."[1] *Redd v. McDowell Cty. Bd. of Educ. and W.Va. Dept. of Educ.*, No. 2012-0420-McDED, at *9 (W.Va. Pub. Emp. Griev. Bd. July 12, 2012).[2] The ALJ determined that it was impermissible for petitioner to "'bootstrap' a challenge to an earlier personnel action that was not timely grieved by challenging a subsequent personnel decision and arguing that it somehow relates back to the earlier action." *Id.*[3] Petitioner did not appeal the denial of her grievances in Nos. 2012-0419-McDED and 2012-0420-McDED.

Instead, petitioner filed civil actions against respondents in the Circuit Court of McDowell County and the Circuit Court of Kanawha County,[4] alleging racial and sexual discrimination[5] as

---

[1] The public employee grievance process consists of three levels. In both Nos. 2012-0419-McDED and 2012-0420-McDED, petitioner's grievance progressed to a Level III hearing before the ALJ on June 5, 2012.

[2] *See also Redd v. McDowell Cty. Bd. of Educ. and W.Va. Dept. of Educ.*, No. 2012-0419-McDED, at *9 (W.Va. Pub. Emp. Griev. Bd. July 18, 2012).

[3] *See also Redd v. McDowell Cty. Bd. of Educ. and W.Va. Dept. of Educ.*, No. 2012-0419-McDED, at *8-9 (W.Va. Pub. Emp. Griev. Bd. July 18, 2012).

[4] Petitioner filed the duplicative action, No. 13-C-669, in the Circuit Court of Kanawha County because venue as to WVDOE was proper only in that court *See* W. Va. Code § 14-2-2(a)(1) ("The following proceedings shall be brought and prosecuted only in the circuit court of Kanawha county: . . . (1) Any suit in which the governor, any other state officer, or a state agency is made a party defendant, except as garnishee or suggestee.").

[5] Petitioner is African-American.

2

well as violation of various state statutes governing the management of school personnel, the intervention by WVDOE to correct low performing schools, and the status of Mt. View as a demonstration project school. Petitioner made allegations similar to those found in her prior grievances in that petitioner averred that a separate curriculum supervisor position held by Flourisha McGuire at Mt. View should have been given to her because it was the equivalent of an assistant principal's job from which she was unjustly terminated. Petitioner sought monetary damages in a total amount of $3,875,000. Because petitioner sued pursuant to federal civil rights laws as well as the West Virginia Human Rights Act, respondents removed both actions to the United States District Court for the Southern District of West Virginia ("federal district court").

In *Redd v. McDowell County Board of Education*, 976 F.Supp.2d 838, 843 (S.D. W.Va. 2013), the federal district court granted respondents' Rule 12(b)(6) motion to dismiss both federal and state law claims alleging racial and sexual discrimination and remanded petitioner's claims alleging violation of various state statutes governing the management of professional personnel, the intervention by WVDOE to correct low performing schools, the status of Mt. View as a demonstration project school to the McDowell County Circuit Court.[6] Thereafter, the McDowell County Circuit Court entered an agreed order on September 25, 2014, consolidating the McDowell and Kanawha County actions in that court.[7]

Petitioner's deposition occurred on December 8, 2014. At her deposition, respondents' counsel asked petitioner whether she appealed the grievance in 2012-0420-McDED after it was denied:

Q.      And this grievance was denied[,] correct?

A.      Yes.

Q.      Did you ever appeal this?

A.      No.

Q.      Could you have appealed it?

A.      Yes.

Q.      Okay. Why didn't you appeal it?

---

[6] The federal district court noted that it was declining to exercise its supplemental jurisdiction over the latter group of state law claims. *Redd v. McDowell County Board of Education*, 976 F.Supp.2d 838, 843 n. * (S.D. W.Va. 2013).

[7] In the agreed order, the circuit court noted that WVDOE agreed to waive the special venue provisions pertaining to state agencies. *See* fn. 4, *supra*.

A.   Well, I'm not wasting money on appeals, that's number one. I don't think that was winnable.

Q.   Now say that again?

A.   I don't think it was winnable.

Thereafter, respondents filed a motion for summary judgment as to the claims remanded by the federal district court.[8] Following a hearing on that motion, the circuit court granted summary judgment to respondents on the ground that petitioner failed to exhaust her administrative remedies as to the remaining claims. The circuit court found that "there are no genuine issues of material fact" as to the exhaustion issue and that "[petitioner] clearly chose not to exhaust her administrative remedies."[9]

Petitioner now appeals the circuit court's May 15, 2015, order awarding summary judgment to respondents. "A circuit court's entry of summary judgment is reviewed *de novo*." Syl. Pt. 1, *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994). Pursuant to Rule 56(c) of the West Virginia Rules of Civil Procedure, summary judgment "shall" be granted provided that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." However, "[s]ummary judgment is appropriate only after the non-moving party has enjoyed 'adequate time for discovery.'" *Payne's Hardware & Bldg. Supply, Inc., v. Apple Valley Trading Co., of W.Va.*, 200 W.Va. 685, 690, 490 S.E.2d 772, 777 (1997). (Internal quotations and citations omitted.).

Procedurally, petitioner contends that more time should have been allowed for discovery. Petitioner points out that she was still waiting for a set of discovery responses and that prior to filing their motion for summary judgment, respondents filed a motion to extend the deadline for dispositive motions. Respondents counter that their motion for an extension was necessitated by having to have a transcript of petitioner's deposition prepared. Upon our review of petitioner's request for production of documents and the transcript of petitioner's deposition, we find that the

---

[8] Prior to filing their motion for summary judgment, respondents filed a motion to extend the deadline for dispositive motions. The circuit court granted the motion to extend the deadline on the same day it granted the motion for summary judgment. Thus, petitioner asserts that the motion for summary judgment was untimely filed. However, we find that petitioner does not dispute that respondents had good cause for seeking an extension of the deadline. *See* discussion, *infra*. Therefore, we conclude that the circuit court did not abuse its discretion in granting respondents' motion to extend the deadline for dispositive motions. See Syl. Pt. 1, in part, *McDougal v. McCammon*, 193 W.Va. 229, 455 S.E.2d 788 (1995) (procedural rulings are reviewed only for an abuse of discretion).

[9] We note that respondents also sought summary judgment on the merits of petitioner's remaining claims. However, having found that the circuit court correctly determined that petitioner failed to exhaust her administrative remedies, *see infra*, we do not address the merits.

documents requested by petitioner have relevancy only as to the merits of her claims, but that petitioner gave answers at her deposition which were also probative of whether she exhausted her administrative remedies. Also, petitioner does not dispute that she did not file a grievance challenging the termination of her contract as an assistant principal or her transfer to a teaching position. Accordingly, we conclude that the record was sufficiently developed to allow the circuit court to decide a summary judgment motion based upon the exhaustion issue.

Petitioner contends that the circuit court erred in finding that she failed to exhaust her administrative remedies and also erred in awarding summary judgment to respondents based on that finding. In Syllabus Point 6 of *Ewing v. Board of Educ. of County of Summers*, 202 W.Va. 228, 503 S.E.2d 541 (1998), we held, as follows:

> When an individual is adversely affected by an educational employment decision rendered pursuant to W.Va. Code § 18A-4-7a (1993) (Repl.Vol.1997), he/she may obtain relief from the adverse decision in one of two ways. First, he/she may request relief by mandamus as permitted by W. Va. Code § 18A-4-7a. In the alternative, he/she may seek redress through the educational employees' grievance procedure described in [currently, W. Va. Code §§ 6C-2-1 to 6C-2-8]. *Once an employee chooses one of these courses of relief, though, he/she is constrained to follow that course to its finality.*

(Emphasis added.) Furthermore, a grievance is defined, as follows:

> a claim by any employee alleging a violation, a misapplication or a misinterpretation of the statutes, policies, rules or written agreements applicable to the employee including: (i) Any violation, misapplication or misinterpretation regarding compensation, hours, terms and conditions of employment, employment status or discrimination; (ii) Any discriminatory or otherwise aggrieved application of unwritten policies or practices of his or her employer; (iii) Any specifically identified incident of harassment; (iv) Any specifically identified incident of favoritism; or (v) Any action, policy or practice constituting a substantial detriment to or interference with the effective job performance of the employee or the health and safety of the employee.

W.Va. Code § 6C-2-2(i)(1). In West Virginia Code § 6C-2-1(b), the Legislature made clear its intention to resolve grievances through the statutorily provided procedure so that redress may be had in a "fair, efficient, cost-effective and consistent manner." In Syllabus Point 2 of *State ex rel. Smith v. Thornsbury*, 214 W.Va. 228, 588 S.E.2d 217 (2003), we reiterated that "[t]he general rule is that where an administrative remedy is provided by statute or by rules and regulations having the force and effect of law, relief must be sought from the administrative body, and such remedy must be exhausted before the court will act." (Internal quotations and citations omitted.)

We reject petitioner's contention that the circuit court incorrectly determined that she was required to exhaust her administrative remedies. While petitioner argues that it was unnecessary for her to file a grievance challenging her termination as an assistant principal and subsequent

transfer, we find that petitioner's conduct of her grievances in Nos. 2012-0419-McDED and 2012-0420-McDED belies that argument. In each of those grievances, the ALJ found that petitioner primarily focused on "the [prior] decision to eliminate her position as an [a]ssistant [p]rincipal and transfer her to another non-administrative position." *Redd v. McDowell Cty. Bd. of Educ. and W.Va. Dept. of Educ.*, No. 2012-0420-McDED, at *9 (W.Va. Pub. Emp. Griev. Bd. July 12, 2012).[10] In both grievances, petitioner argued that she did not have to challenge the prior decision until the other positions were subsequently filled. However, the ALJ found that by the time that the other positions were filled, petitioner's challenge to the prior personnel decision affecting her was untimely. The ALJ further determined that it was impermissible for petitioner to "'bootstrap' a challenge to an earlier personnel action that was not timely grieved by challenging a subsequent personnel decision and arguing that it somehow relates back to the earlier action." *Id.*[11] At petitioner's deposition, she testified that she was able to appeal the ALJ's denial of her grievances in Nos. 2012-0419-McDED and 2012-0420-McDED, but that she chose not to do because "I'm not wasting money on appeals." Thus, we find that petitioner challenged the termination of her assistant principal contract and subsequent transfer as part of those grievances, but did not appeal the ALJ's adverse decisions. Therefore, we conclude that the circuit court did not err in determining that petitioner was required to exhaust her administrative remedies, but failed to do so.

As for petitioner's contention that the circuit court erred in awarding summary judgment to respondents based on that determination, we note that petitioner argues that two exceptions to the doctrine of exhaustion of administrative remedies apply to her case. First, petitioner contends that she still should be allowed to pursue her claims alleging racial and sexual discrimination. *See* Syl. Pt. 9, *Weimer v. Sanders*, 232 W.Va. 367, 752 S.E.2d 398 (2013) (holding that exhaustion of administrative remedies is not required prior to filing of discrimination claims pursuant to the West Virginia Human Rights Act, West Virginia Code §§ 5-11-1 to 5-11-20); Syl. Pt. 3, *Vest v. Board of Educ. of County of Nicholas*, 193 W.Va. 222, 455 S.E.2d 781 (1995) (same). We find that petitioner ignores the federal district court's dismissal of her discrimination claims including those arising under the Human Rights Act. *Redd*, 976 F.Supp.2d at 843. The claims which the federal district court remanded to the circuit court differed from petitioner's Human Right Act claims in that the former were not based on allegations of discrimination. Rather, the remanded claims alleged violation of state statutes regulating the employment decisions of respondents with regard to professional personnel at a school in various stages of intervention and/or improvement. Thus, we conclude that the remanded claims fell squarely within the express jurisdiction of the grievance board. *See* Syl. Pt. 1, *Vest*, 193 W.Va. at 223, 455 S.E.2d at 782 (holding that the grievance board's jurisdiction includes authority to remedy misconduct constituting "'discrimination,' 'favoritism,' and 'harassment' as those terms are defined in [currently, West Virginia Code § 6C-2-2]").

[10] *See also Redd v. McDowell Cty. Bd. of Educ. and W.Va. Dept. of Educ.*, No. 2012-0419-McDED, at *9 (W.Va. Pub. Emp. Griev. Bd. July 18, 2012).

[11] *See also Redd v. McDowell Cty. Bd. of Educ. and W.Va. Dept. of Educ.*, No. 2012-0419-McDED, at *8-9 (W.Va. Pub. Emp. Griev. Bd. July 18, 2012).

6

Second, petitioner contends that it would have constituted an exercise in futility if she had filed a timely grievance challenging her termination as an assistant principal and subsequent transfer. *See* Syl. Pt. 1, *State ex rel. Bd. of Educ. of Kanawha County v. Casey*, 176 W.Va. 733, 349 S.E.2d 436 (1986) ("The doctrine of exhaustion of administrative remedies is inapplicable where resort to available procedures would be an exercise in futility."). We cannot accept petitioner's contention. In No. 2012-0419-McDED, the ALJ determined that petitioner lacked standing to challenge the filling of that curriculum supervisor position because she did not apply for it. *Redd v. McDowell Cty. Bd. of Educ. and W.Va. Dept. of Educ.*, No. 2012-0419-McDED, at *10-11 (W.Va. Pub. Emp. Griev. Bd. July 18, 2012). However, in No. 2012-0420-McDED, the ALJ found that petitioner had applied for the dean of students position and, therefore, addressed the merits of that grievance. *Redd v. McDowell Cty. Bd. of Educ. and W.Va. Dept. of Educ.*, No. 2012-0419-McDED, at *8-17 (W.Va. Pub. Emp. Griev. Bd. July 18, 2012). Thus, we find that there is no evidence that the grievance board would have not ruled in petitioner's favor if she had filed a timely, meritorious grievance with regard to her termination as an assistant principal and subsequent transfer.[12] Therefore, we determine that filing a grievance about that decision would not have been an exercise in futility.[13] Accordingly, we conclude that the circuit court did not err in awarding summary judgment to respondents.

For the foregoing reasons, we affirm the May 15, 2015, order of the Circuit Court of McDowell County awarding summary judgment in respondents' favor.

Affirmed.

**ISSUED: May 20, 2016**

---

[12] Indeed, petitioner testified at her deposition that she won a grievance before the grievance board in 2012 with regard to whether she should receive compensation for "working on Saturday and working during spring break." *See also Redd v. McDowell Cty. Bd. of Educ.*, No. 2008-1773-McDED, (W.Va. Pub. Emp. Griev. Bd. November 9, 2012).

[13] Petitioner also complains that the grievance board was not able to award the type of monetary damages she sought in the circuit court. "The rule of exhausting administrative remedies before actions in courts are instituted is applicable, even though the administrative agency cannot award damages[,] if the matter is within the jurisdiction of the agency." Syl. Pt. 4, *State ex rel. Smith v. Thornsbury*, 214 W.Va. 228, 588 S.E.2d 217 (2003) (Internal quotations and citations omitted.) As previously explained, the claims remanded to the circuit court fell squarely within the express jurisdiction of the grievance board. Accordingly, we find that the grievance board's inability to award certain types of damages did not prevent the doctrine of exhaustion of administrative remedies from applying to this case.

7

**CONCURRED IN BY:**

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Allen H. Loughry II

**DISQUALIFIED:**

Justice Margaret L. Workman